VOL. 104]      . JANUARY TERM, 1920.        ' 159

State, ex rel. City of Seward, v. Marsh.

STATE, EX REL. CITY OF SEWARD, APPELLEE, v. GEORGE W.
MARSH, AUDITOR OF PUBLIC ACCOUNTS, APPELLANT.

FILED JANUARY 31, 1920. No. 21302.

1. **Municipal Corporations: BONDS: ISSUANCE.** As a general rule, municipal bonds must be issued in conformity with the statutes in force at the time of issuance.

2. ———: ———: **VALIDITY.** Where a municipality in good faith enters into a valid contract for the sale of municipal bonds voted in strict conformity with the statute then in force, but not yet issued, their validity is not affected by a subsequent statute changing the terms of municipal bonds.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Clarence A. Davis, Attorney General,* and *George W. Ayres,* for appellant.

*Thomas, Vail & Stoner* and *R. R. Schick, contra.*

ROSE, J.

The city of Seward, relator, applied to the court below for a peremptory writ of mandamus to compel the auditor of public accounts, respondent, to register municipal bonds of relator in the sum of $85,000. Respondent resisted the allowance of the writ on the ground that the bonds, if issued, would not comply with the terms of the present statute. Relator insists that the bonds were voted and sold according to the requirements of the law then in force, and that the present statute, though providing for different obligations and repealing the act under which relator proceeded, did not destroy the vested rights created by the contract of sale, nor impair the obligations of the purchase. The trial court allowed the writ, and respondent has appealed.

The question is: Should respondent be required to register the bonds? They were voted May 20, 1919, and were made payable in 40 years, with a provision for

optional payment in 10 years, in strict comformity with an act which went into effect April 7, 1919. Laws 1919, ch. 48. The Lincoln Trust Company entered into a contract with relator June 3, 1919, to buy the bonds at a premium of $1,680. By an act which went into effect in July, 1919, the legislature repealed the statute under which the bonds were voted and shortened the term for the payment of municipal bonds of relator to 20 years with optional payment after 5 years. Laws 1919, ch. 46. Though the bonds are dated June 1, 1919, they were not printed, presented for registration, or issued until after the statute had been changed in the respects mentioned.

It is a general principle of law that municipal bonds must be issued in conformity with the statute in force at the time of issuance. *Morgan v. Falls City*, 103 Neb. 795. This doctrine, however, cannot be effectively invoked to destroy vested rights or to impair the obligations of contracts. Relator duly exercised its power to vote bonds authorized by law. When the terms of the bonds voted were legal and when the statute authorizing the issue was in force, relator agreed to sell, and the Lincoln Trust Company to buy, the bonds. Authority to make the contract was perfect. The parties acted in good faith. Though the purchaser has not yet paid the purchase price, the mutual promises are legal and binding considerations. In addition to a premium the purchaser agreed to print the bonds. These advantages may be lost, and relator will be compelled to bear the expenses of a second election and a new bond issue, if the sale is defeated. On the faith of the bonds voted and on the integrity of the contract of sale, relator incurred an immense indebtedness for public improvements in a municipal emergency. Both buyer and seller are insisting on performance, if the bonds can be legally issued. By making the validity of the bonds a condition of complete performance, the parties did not lose any constitutional right created by the legal contract in fact made. The

change in legislation came too late to invalidate the bonds. The buyer and the seller are entitled to the fruits of their bargains. In this view of the law and the facts, the bonds should be registered as valid obligations of relator.

AFFIRMED.

LETTON, J., not sitting.