RICHARD W. NORTON, JR., ET AL. V.
KLEBERG COUNTY, TEXAS.

No. A-2652. Decided July 5, 1950.
(231 S. W., 2d Series, 716.)

*Dumas, Huguenin & Boothman,* and *A. B. Huguenin,* all of Dallas, for petitioners.

The Court of Civil Appeals erred in holding that the recodification of the Statutes in 1925, became a law 90 days after adjournment of the Legislature which adopted them, and that the parties to a contract dated July 13, 1925, were required to take notice of the provisions of that revision and were charged with knowledge that if the bond contracted for were not issued until after September, 1, 1925, they would be redeemable at the option of the county. The Court of Civil Appeals also erred in holding that although the contract executed on July 13, 1925, was made under Article 657 of the Revised Statutes of 1911, their contract was altered when the Revision of 1925 became effective on September 1, 1925. That holding violates both State and Federal Constitution, against the impairment of contracts. Scholtz v. City of Houston, 37 S. W. 2d 728; American Indemnity Co. v. City of Austin, 112 Texas 239, 246 S. W. 1019; Texas Const., Art. 1, sec. 16; Fed. Const., Art. 1, sec. 10.

*Ben A. Glusing,* of Kingsville, and *J. P. Gibson,* of Austin, for respondent.

The Court of Civil Appeals was correct in its holding that the Revised Statutes of 1925 became the law 90 days after adjournment of the Legislature which enacted them, or on June 17, 1925, and that the contract of July 13, 1925, was subject thereto, and was therefore controlled by Article 725 of the Revised Statutes of 1925, rather than by Art. 657 of the 1911 Revised Statutes. St. Paul Fire & Marine Ins. Co. v. Garza County, 215 S. W. 2d 644.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is a suit by petitioners, Richard W. Norton, Jr., and Central Investment Company of Texas, against Kleberg County for the principal and interest upon "Kleberg County Courthouse and Jail Refunding 5% bonds" owned and held by petitioners. The only issue before the court is the validity of petitioners' claim for interest accruing on the bonds after April 20, 1944, the date when the county called the bonds for redemption. The case was tried upon an agreed statement of facts. The trial court rendered judgment in favor of the county, which was affirmed by the Court of Civil Appeals. 228 S. W. 2d 287.

In 1914 the county issued courthouse and jail bonds in the principal sum of $125,000.00. On July 13, 1925, the county entered into a contract with H. C. Burt and Company whereby the latter agreed to finance refunding bonds in the sum of $80,000.00 to redeem an equal sum of the original bonds. Burt and Company fully performed its obligations under this contract by paying all expenses incident to the preparation of the refunding proceedings, the printing of the bonds, and the procuring of the opinion of bond attorneys. On September 14, 1925, the Commissioners' Court of Kleberg County, in keeping with the terms of the contract, entered an order authorizing the issuance of the refunding bonds, and in pursuance thereof the bonds were issued on October 10, 1925. Petitioners are the owners by purchase of some of those bonds and have declared upon them in this case.

The bonds contain no provision to the effect that they are redeemable prior to their respective maturity dates, but, to the contrary, recite "no option." The bonds and all proceedings had in connection with their issuance refer to Article 657, R. C. S. 1911, as the authority therefor. The approval by the Attorney General of the bonds refers to that article as his authority to approve same.

It was stipulated that at the time the refunding contract was made between Burt and Company and the county, and at all times during which the bonds were being issued, sold, and delivered to Burt and Company pursuant to that contract, neither said company nor the county nor any of its officers considered or believed that any of the bonds would be subject to call for redemption prior to their stated maturities, and upon that understanding the refunding was consummated.

On March 14, 1944, Kleberg County issued a notice calling these bonds for redemption on April 20, 1944. Petitioners refused to surrender the bonds owned by them for redemption and in this suit are claiming interest accrued thereon subsequent to that date. The controlling question for decision is whether the refunding bonds in suit must be regarded as having been issued under the provisions of Article 657, R. C. S. 1911, or under the provisions of Article 725, R. C. S. 1925. Stated differently, the question is: When did the Revised Statutes of 1925 become effective?

Article 725, R. S. 1925, provides that where bonds have been issued "for any purpose authorized in this chapter, new bonds in lieu thereof bearing the same or a lower rate of interest may be issued." That Article is in Title 22, Chapter 2. Article 720, which is also in that chapter, provides that "all bonds issued under this chapter * * * may be redeemable at the pleasure of the county at any time after five years * * *." Article 725, R. S. 1925, was originally Article 657, Title 18, Chapter 3, of the Revised Statutes of 1911. In the 1925 revision all of Chapter 3 of the 1911 revision was omitted, except Article 657, and that Article was placed in Chapter 2, Title 22, of that revision as Article 725. Bonds issued under Article 657, R. S. 1911, could not be called prior to their respective maturity dates unless so provided on the face thereof. State National Bank of El Paso v. Tarrant County, 145 Texas 511, 199 S. W. 2d 152. But bonds issued under Article 725, R. S. 1925, may be called at the pleasure of the county at any time after five years from their issuance. Bexar County v. Sellers, 142 Texas 290, 178 S. W. 2d 505; St. Paul Fire and Marine Ins. Co. v. Garza County, 215 S. W. 2d 644, error refused. From the foregoing recital it is obvious that, as stated above, the decision in this case must turn upon a determination of the question, when did the Revised Statutes of 1925 before effective?

■ The Final Title of the Revised Statutes of 1925, Section 24, provides "that these Revised Statutes shall take effect and be in force at twelve o'clock, meridian, on the first day of September, Anno Domini, one thousand nine hundred and twenty-five." The Legislature adjourned on March 19, 1925. The contract between the county and Burt and Company was executed on July 13, 1925, more than ninety days after the adjournment of the Legislature. If, as contended by the county, and as held by the courts below, the 1925 revision of the statutes became law ninety days after the adjournment of the Legislature, the bonds were subject to call, and the petitioners are entitled to

no interest accruing after the call date. If, on the other hand, the effective date was September 1, 1925, the county had no right to call the bonds for redemption prior to their respective maturity dates unless, as contended by the county, the fact that the bonds were actually issued after September 1 determines the rights of the parties.

An Act of the Legislature does not operate as notice until it goes into effect as law. Missouri, K. & T. Ry. Co. of Texas v. State, 100 Texas 420, 100 S. W. 766. In determining when an Act goes into effect as law the intention of the Legislature as manifest from the Act as a whole must govern. A consideration of the Final Title of the 1925 revision has led us to the conclusion that the intention of the Legislature with respect to the date when the revision should become effective is clear. As pointed out above, Section 24 of the Final Title provides that the revision "shall take effect and be in force" at twelve o'clock noon on September 1, 1925. Section 2 provides for a repeal of all former laws when the 1925 revision takes effect, and Section 3 provides that the repeal of any statute "shall not affect or impair any act done, or right vested or accrued, or any proceeding * * * had or commenced * * * before such repeal shall take effect; but every such act done, or right vested or accrued, or proceeding * * * had or commenced shall remain in full force and effect to all intents or purposes as if such statute * * * had remained in force." While Article 657, R. S. 1911, was not expressly repealed, the effect of changing it to Article 725 of the 1925 revision was to repeal its non-option provision. To that extent it was repealed within the meaning of the language just quoted. We can give the above provisions no construction other than that they evidence a legislative intent that the 1925 revision should not become effective until September 1, 1925. Since it was not effective on July 13, 1925, when the contract was made, it follows that the statutes as they existed prior to that revision were still in effect, for they were not repealed until the revision took effect.

■ By its contract with the company, and by its performance of the obligations imposed thereby, Burt and Company acquired a vested right to obtain non-option bonds. The fact that those bonds had not been issued and delivered to it prior to September 1 did not operate to convert them automatically into option bonds. The validity of the contract between the county and Burt and Company is not called in question. A similar contract was held valid in Dallas County v. Lockhart, 128 Texas 50, 96 S. W. 2d 60. Burt and Company having acquired a vested right

prior to September 1 to have the refunding bonds issued without the right of the county to redeem them prior to their respective maturities, the fact that the ministerial acts of issuing and delivering them were performed after that date did not have the effect of destroying that contractual right. State ex rel City of Seward v. Marsh, 176 N. W. 92; Murray v. Tyndall 223 Ind. 641, 63 N. E. 2d 703. A holding that the right secured by Burt and Company to acquire non-option bonds by its valid contract of July 13 was destroyed by a statute taking effect on September 1 is forbidden by both the Federal Constitution, Article I, Section 10, and the Texas Constitution, Article I, Section 16, which preserves the obligations of contracts from impairment by legislative Acts.

The county relies upon the decision of this court in Popham v. Patterson, 121 Texas 615, 51 S. W. 2d 680. In that case there was involved a single Act of the Legislature and not, as in this case, a complete revision of the statutes. In that case the Act extended the term of a county official, and the date named for the Act to take effect coincided with the date for taking public office. That Act, unlike the one in this case, contained an emergency clause. It was held that, although that clause was ineffective as an emergency clause, it could be looked to in ascertaining the legislative intent. The opinion in that case arrived at the legislative intent that the Act should take effect ninety days after adjournment, from a consideration of those factors. It announced and followed the principle that the intent of the Legislature arrived at from a consideration of an Act as a whole must govern the court in deciding when that Act becomes effective. That is the principle of decision in this case, and in making that decision we do not overrule or modify our decision in the Popham-Patterson case.

■ Our conclusion on the case as a whole is that the county did not have the right to call the bonds for redemption prior to the dates of their respective maturities; that petitioners were well within their rights in declining to surrender them upon call, and are therefore entitled to recover interest thereon to their respective maturity dates. Accordingly, it is ordered that the judgments of both courts below be reversed and judgment here rendered in favor of petitioners.

Reversed and rendered.

Opinion delivered July 5, 1950.

No motion for rehearing filed.