## HIGHLAND PARK INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

## W. S. LORING, Appellee.

No. 15500.

Court of Civil Appeals of Texas.

Dallas.

April 3, 1959.

C. L. Chance, Austin, for appellant.

Weinberg, Sandoloski & Ginsberg, Dallas, for appellee.

YOUNG, Justice.

Appellant's suit was for $299.52 claimed as delinquent personal property taxes for years 1932 through 1957, except for the years 1942 and 1944; defendant Loring admitting liability for years 1954 through 1957 in amount of $46.32; tendering such amount together with $15 court costs; pleading Art. 7298 Vernon's Ann.Civ.St. (the four year statute of limitation) with respect to earlier tax claims.

Upon hearing of defendant's motion for summary judgment to the same effect as his answer, it was sustained and the amount tendered ($61.32) was placed in registry of the court for account of plaintiff district; the judgment reciting that it take nothing further by reason of this suit. The appeal is from such final order; appellee filing no reply brief.

Appellant's single point complains of the trial court's error "in sustaining the Taxpayer's plea of limitations because the statute relied upon is retroactive and void, and violative of Art. 1, Sec. 16 of the Constitution of Texas [Vernon's Ann.St.], if

the construction given it by the trial court is allowed."

The mentioned Article, State Constitution, provides: "Sec. 16. No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligations of contracts, shall be made." Article 7298, Acts 53rd Legislature, effective 90 days after adjournment on May 27, 1953 provides: "No delinquent taxpayer shall have the right to plead in any Court or in any manner rely upon any Statute of Limitation by way of defense against the payment of taxes due from him or her to the State, or any county, city, town, Navigation District, Drainage District, Road District, Levee Improvement District, Reclamation District, Irrigation District, Water Improvement District, Water Control and Improvement District, Water Control and Preservation District, Fresh Water Supply District, School District or other taxing authority; provided that this law shall not apply to collection of delinquent school taxes assessed prior to July 1, 1941; and provided further that no suit shall be brought for the collection of *delinquent personal property taxes of any taxing authority* unless instituted within four (4) years from the time same shall become delinquent." (Emphasis ours.)

Article 7298 prior to above 1953 amendment provided for a ten year Statute of Limitations relative to *"delinquent taxes of a School District or Road District."*

The foregoing point of appeal is sustained; and for reasoning and conclusion in such connection we adopt the following excerpts from Appellant's brief: "The sole question for decision on this appeal is that of whether the limitations statute relied upon by the Taxpayer and as applied by the Trial Court to the facts in this case, is retroactive, unconstitutional and void. It is the position of the School District that the Trial Court was clearly in error in sustaining the Taxpayer's plea.

Taxpayer relied upon Art. 7298, V.A.C.S. as recently amended. August 27, 1953, was the effective date of the amendment which placed a four year limitation on actions for personal property taxes by school districts. Prior to the effective date of this amendment, the School District had acquired a vested right in the personal property taxes prior to the year 1954, and no such limitation was then in effect with regard to actions for the collection of personal property taxes. By the Court's action in sustaining Taxpayer's plea, the School District was clearly deprived of vested rights and to give the statute such retroactive application is in clear violation of Art. 1, Sec. 16 of the Constitution of Texas.

A retroactive law is one which purports to affect acts or rights accruing before it came into force. Turbeville v. Gowdy, Tex. Civ.App., 272 S.W. 559. A distinction is made between a legislative change in remedy as distinguished from a change in existing substantive rights. Remedies which affect existing substantive rights may be changed provided a reasonably satisfactory remedy is retained for the benefit of the holder of the right. See 16 C.J.S. Constitutional Law § 256, p. 1248.

A limitations statute, affecting remedy only may lengthen, shorten, establish or abolish a limitation on actions, but there are definite constitutional requirements which must be met if such statutes purport to be retroactive. See 16 C.J.S. Constitutional Law § 266, p. 1257. In accordance with accepted construction, a limitations statute will be presumed to operate prospectively unless its terms clearly show a legislative intent that it is to be retroactive. 28 Tex.Jur. 85, Sec. 11. Assuming for argument, however, that its language clearly imports a retroactive application, still the statute in order to be valid must allow the holder of a right a reasonable time, *after the law becomes effective,* within which time to file an action to enforce the right. The rule is succinctly stated in the leading case of Wright v. Hardie, 88 Tex. 653, 32 S.W. 885, 886 by Chief Justice Gaines in this language: "The legislature may provide a shorter period of limitations

for existing causes of action. It may make a statute of limitation for causes when none existed before, but it cannot, by so abbreviating the time in which suit must be brought take away the right of action altogether. *It must allow a reasonable time after the law goes into effect to bring suit upon actions which are not then barred."* (Emphasis added.) To the same effect see 28 Tex.Jur. 81, Sec. 7; Bean v. J. I. Case Threshing Machine Co., Tex.Civ.App., 221 S.W. 634 (Error Ref.); and Williams v. Reed, Tex.Civ.App., 160 S.W.2d 316.

Some states have adopted the rule that the reasonable time which the statute must allow dates from the passage of the act and not from its effective date. Other jurisdictions have followed the rule, which it is believed is the sounder rule—that announced by Justice Gaines in Wright v. Hardie, supra, that the reasonable time allowed by the statute must run from the effective date of the act. 16 C.J.S. Constitutional Law § 266, p. 1259. To say the least it is clear in Texas that a statute performs no function whatsoever until its effective date. Norton v. Kleberg County, 149 Tex. 261, 231 S.W.2d 716; and Missouri, K. & T. R. Co. of Texas v. State, 100 Tex. 420, 100 S.W. 766.

We think a review of the above authorities make the evil in the statute relied upon by the Taxpayer in this case obvious. *The statute contains no provision allowing a reasonable time after the effective date of the act within which actions could be brought for delinquent taxes for prior years —years preceding the four year bar of the statute.* In fact, no time whatsoever is allowed by the statute for the bringing of such actions. These claims constitute vested rights of the School District and the Court below, in giving the statute retroactive effect, did so in violation of the clear rights of the Appellant School District, guaranteed to it by Art. 1, Sec. 16 of the Constitution of Texas and the interpretive decisions of our highest court. *The statute when applied as it was in this case is retroactive,* void, and unconstitutional."

Judgment reversed and cause remanded to the Trial Court for adjudication of amounts to which appellant is entitled under its sworn pleading and exhibit, inclusive of costs.

Judgment reversed and cause remanded.