**W. Floyd DEACON et al., Appellants,**

v.

**CITY OF EULESS, Texas, Appellee.**

**No. 16683.**

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 17, 1965.

Rehearing Denied Jan. 14, 1966.

Shirley W. Peters, Denton, for appellants.

Bondurant & Cribbs and James A. Cribbs, Arlington, for appellee.

LANGDON, Justice.

Appellants filed a collateral attack on three City of Euless annexation ordinances. Both appellee and appellants filed motions for summary judgment. The trial court in granting appellee's motion found as a matter of law that the three ordinances were valid. We affirm.

Two of the ordinances, 189 and 190, were given first reading on November 13, 1962, and the third ordinance 192 was given first reading on December 11, 1962. All three ordinances were given second and final reading on June 25, 1963. At all times pertinent hereto the City of Euless was a home rule city, having duly adopted a home rule municipal charter under the provisions of Art. XI, § 5, of the Constitution of the State of Texas, Vernon's Ann.St., and Art. 1175, Vernon's Ann.Tex.Civ.St.

■ At the time the annexation ordinances were finally passed on June 25, 1963, the only limitation on the authority of a home rule city to annex additional territory was that the territory sought to be annexed be adjacent to the annexing city and not a part of any other municipality. City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928 (1944).

By the first readings of the annexation ordinances on November 13 and December 11, 1962 the City of Euless acquired annexation priority over the territories embraced by such ordinances and such annexation was duly and finally consummated on June 25, 1963, in compliance with the provisions of existing statutes. The jurisdiction of the City of Euless for the purpose of annexing such territory was not subject to defeat under any statute in existence at the time. Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134 (1948).

To defeat the annexation ordinances the appellants rely upon the provisions of Art. 970a, § 7, subd. D, V.A.T.S., reading as follows: "All annexation proceedings by cities which are pending on or instituted after March 15, 1963, shall be subject to the limitations as to size and extent of area imposed by this Act and shall be brought to completion within ninety (90) days after the effective date of this Act or be null and void. Provided, however, any period of time during which a city is enjoined or restrained from completing such annexation proceedings by a court of competent jurisdiction shall not be computed in such ninety (90) day limitation period."

■ This act was approved by the Legislature on May 14, 1963, to be effective 90 days after May 24, 1963, the date of adjournment.

"In computing the time when an act is to be deemed effective, both the day of the adjournment of the legislature and the day when the law goes into effect must be excluded." 53 Tex.Jur.2d 48, § 26. Thus, the act in question would be effective as of August 23, 1963. Under the terms of the act above set out an additional 90 days was permitted beyond August 23, 1963.

The provisions of the statutes under which the City of Euless undertook to annex the territory in question were in full force and effect at all times pertinent to the facts of this case. The provisions of such statutes which were repealed or altered by Art. 970a, supra, remained in force and effect until August 23, 1963, the effective date of the latter Article. The annexation was completed on June 25, 1963, some 59 days prior to the effective date of Art. 970a.

In our opinion the statute in question was prospective and not retrospective in its operation and the ordinances in question and the annexation priority acquired by the City of Euless on November 13 and December 11, 1962, were not thereby affected by its provisions.

"The general rule is that a statute speaks as of the time at which it takes effect. Accordingly, a legislative act is operative as notice and ordinarily it is operative in all other respects, as soon as it becomes a law. * * *" 53 Tex.Jur.2d 48, § 27.

"A prospective law is distinguished from one that is retroactive by the fact that the latter affects acts or transactions that occurred before it came into effect, or concerns rights that have already accrued. The constitution prohibits the making of retroactive laws. But the constitutional provision is construed merely as forbidding the enactment of any law that will prejudicially affect existing, vested rights, whether arising out of contract or tort, or the operation of a law in such a manner as to have that effect. The inhibition is not ordinarily extended to a procedural or remedial statute, such as a curative act, or, in fact, to any act that does not disturb or impair vested rights.

"Apart from any constitutional impediment retrospective laws are commonly regarded with disfavor. It is always presumed that a statute is intended to operate prospectively and not retroactively, unless it relates merely to remedies and modes of procedure, and all doubts are resolved in favor of this construction.

"Accordingly, a statute will not be applied or construed retrospectively or given retroactive operation, so as to affect existing rights or create new obligations and impose new duties as to past transactions, unless it clearly appears, from its terms or at least by fair implication, that the legislature so intended. On the contrary, a statute is generally held to operate prospectively unless a contrary construction is required by the terms or by the nature and object of the law." 53 Tex.Jur.2d 49, § 28.

█ We are of the further opinion that the appellants' action is defective and must fail because a quo warranto proceeding is the proper and legal method of attacking municipal annexations rather than by collateral attack. Article 6253, V.A.T.S.; Phillips v. City of Odessa, 287 S.W.2d 518 (El Paso Civ.App., 1956, ref., n. r. e.). In the latter case it was stated, "It has been well established that the annexation of adjacent territory by a city may be questioned only by direct suit in the nature of a quo warranto or a proceeding in which the State is a party. The validity of an annexation by a city can not be collaterally attacked." (Authorities cited.) In the same case it is held that: "The only exception to the above rule appears to develop where the annexation ordinances are void. * * *." Contrary to the contention of the appellant we believe the ordinances were valid and that the exception to the above rule has no application to the facts of this case.

See also 30–A Tex.Jur. 111, § 99; City of El Paso v. Ruckman, 92 Tex. 86, 46 S.W. 25 (1898).

All points raised by the appellant are overruled and the judgment of the trial court is affirmed.