CALVERT, Chief Justice.
By their suit petitioners, W. Floyd Deacon, Priest Baze and C. O. Crumbley, plaintiffs in the trial court, sought judgment declaring City of Euless annexation ordinances Nos. 189, 190 and 192 void, and enjoining the City and its officers from levying taxes against their lands and otherwise attempting to exercise municipal jurisdiction over the same. The City of Euless answered the suit by plea in abatement and general denial. Both parties moved for summary judgment. The trial court denied plaintiffs’ motion, granted the City’s-motion, and rendered judgment declaring the ordinances valid. The Court of Civil Appeals affirmed. 397 S.W.2d 935. We reverse the judgments of the courts below and remand the cause to the trial court for further proceedings.
The ordinances under attack were pending before the City Council of the City of Euless on March 15, 1963, and were passed on final reading and approved on June 25, 1963. Each ordinance purported to annex certain additional territory to the City of Euless. The principal attack made on the validity of the ordinances is that power to enact them was precluded by Sec. 7, Art. 970a, Vernon’s Texas Civil Statutes (Acts 1963, 58th Leg., p. 447, ch. 160), the Municipal Annexation Act.
The provisions of the statute relevant to the question before us are as follows:
“Sec. 7. A. * * *
“B. A city may annex in any one calendar year only territory equivalent in size to ten per cent (10%) of the total corporate area of such city as of the first day of that calendar year. In computing the total amount of territory which may be annexed in any one (1) calendar year, there shall be excluded from such ten per cent (10%) the following: (1) territory caused to be an *61 nexed by a request of a majority of the qualified resident voters in the territory and the owners of fifty per cent (50%) or more of the land in the territory, (2) territory annexed which is owned by the city, the county, the State, or the Federal Government which is used for a public purpose, (3) territory annexed at the request of a majority of the voters residing in such territory, and (4) territory annexed at the request of the owner or owners thereof.
«Q * * *
“D. All annexation proceedings by cities which are pending on or instituted after March 15, 1963, shall be subject to the limitations as to size and extent of area imposed by this Act and shall be brought to completion within ninety (90) days after the effective date of this Act or be null and void. * * * ”
Plaintiffs alleged in their trial court petition that each of the ordinances purported to annex an area which, together with the other areas annexed during the calendar year 1963, included territory in excess of ten (10%) per cent of the total corporate area of the City of Euless on the 1st day of January, 1963. The City’s plea in abatement asserted that a challenge of the validity of the ordinances could only be made in the name of the State of Texas in a quo warranto proceeding in accordance with the provisions of Art. 6253. The trial court did not rule on the plea in abatement. Instead, the trial court heard and considered the respective motions of the parties for summary judgment and, as heretofore indicated, granted the City’s motion and declared the ordinances valid. Our primary concern is whether the judgment is erroneous.
It is petitioners’ position that the limitations on area which can be annexed by a city, imposed by paragraph B of Sec. 7, Art. 970a, are by paragraph D expressly made applicable to annexation ordinances pending on March 15, 1963, and that ordinances then pending and thereafter enacted purporting to annex territory in violation of the limitations are null and void. It is the position of the City of Euless that Art. 970a, which was enacted by the Legislature on May 14, 1963, did not become effective until August 23, 1963, and that it cannot or should not be given retroactive effect. The Court of Civil Appeals held only that the statute should not be given retroactive effect.[1] 397 S.W.2d 936-937.
While we agree with the Court of Civil Appeals’ statement that “retrospective laws are commonly regarded with disfavor,” the controlling circumstance in interpreting a law as having retrospective or only prospective effect is intention of the Legislature. This is made clear by the Court’s quotation from 53 Tex.Jur.2d 52-53, § 28, that “a statute is generally held to operate prospectively unless a contrary construction is required by the terms or by the nature and object of the law.” In Cox v. Robison, 105 Tex. 426, 150 S.W. 1149, 1156 (1912), we said: “We recognize the rule that in general Constitutions and statutes operate prospectively; but the exception is as well established as the rule that they may operate retrospectively when it is apparent that such was the intention, provided no impairment of vested rights results.”
The terms of paragraph D, Sec. 7, Art. 970a, expressly make the limitations contained in paragraph B applicable to annexation proceedings pending on March 15th. The act so providing was passed by the Legislature on May 14th. The Legislature well knew, therefore, that unless the act was given retrospective effect the provision applying the limitations to proceedings pending on March 15th was utterly meaningless. The provisions of paragraph B are so plainly made applicable to annexation proceedings pending on March 15th that there can be no doubt of legislative intent that they should be retroactive.
*62 But City argues that to give retroactive effect to the provisions of Sec. 7 of Art. 970a violates Section 16, Art. 1, and Section 5, Art. 11, of the Constitution of Texas, Vernon’s Ann.St. Section 16, Art. 1, provides: “No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.” Section 5, Art. 11, is the Home Rule Amendment to the Constitution. It both grants and limits the powers of home rule cities. One of the limitations on the grant of powers is that “no charter or any ordinance passed under said charter shall contain any provision inconsistent with * * * the general laws enacted by the Legislature of this State.”
Section 16, Art. 1, prohibits the making of retroactive laws in so far as they destroy or impair vested rights. The Legislature cannot by retroactive legislation applicable to municipal corporations destroy or impair vested rights which persons have acquired in their relationships with the municipal corporations. Norton v. Kleberg County, 149 Tex. 261, 231 S.W.2d 716 (1950); Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249 (1887); but Municipal Corporations do not acquire vested rights against the State. Blessing v. City of Galveston, 42 Tex. 641, 657-658 (1875); Dallas County Water Control, etc. v. City of Dallas, 149 Tex. 362, 233 S.W.2d 291, 294 (1950). In Blessing this Court declared:
“No principle of law is more clearly or firmly settled than that public or municipal corporations, established for public purposes, such as the administration of local or civil government, are not in the nature of contracts between the State and the corporation, and that their charters may be annulled and revoked at the will and pleasure of the Legislature, as it deems the public good may require * * Such corporations are the creatures of the State, made for a specific purpose, to exercise, within a prescribed limit, powers conferred upon them.
“The State may withdraw these local powers of government at pleasure, and may, through its Legislature, or other appointed channels, govern the local territory as it governs the State at large. It may enlarge or contract its powers or destroy its existence * * *.”
We hold that Section 16, Art. 1 of the Constitution did not prohibit the Legislature from making the relevant provisions of Art. 970a retroactive to annexation proceedings pending on March 15, 1963. It is immaterial that the City may have begun proceedings for annexation of the territory in controversy when there was no general law limitation on the size of areas which could be annexed; it acquired no vested right against the State to complete them. Cases cited by the City dealing with priority of territorial jurisdictional rights between municipal corporations are inap-posite.
Neither, we hold, does Section 5, Art. 11, interdict retroactive legislation affecting the power of home rule cities to annex territory. The Home Rule Amendment carefully preserved the priority of general laws enacted by the Legislature over ordinances passed by home rule cities. We find nothing in the amendment which curbs the power of the Legislature to limit the annexation powers of home rule cities; and nothing, where private rights are not involved, which curbs the power of the Legislature to impose retroactive limitations. Under the general rule quoted above from Blessing, the Legislature would have the power by general law, private rights not being involved, to detach from home rule cities all territory annexed since any given time or event; and if it may do that, it certainly had the power to provide that annexation proceedings pending on March 15, 1963, should conform to the limitations imposed by Section 7, par. B of Art. 970a. We gave effect to the time limitation imposed by Section 7, par. D by unqualifiedly refusing writ of error in Red Bird Village v. State, Tex.Civ.App., 385 S.W.2d 548 (1965), and there is no less reason for giving effect to the size limitation. No *63 case cited by the City requires a different holding.
The principal authorities relied on by the City to support their argument that the Home Rule Amendment precludes legislative action interfering with the right of home rule cities to annex territory are Vincent v. State, Tex.Com.App., 235 S.W. 1084 (1921) and Eastham v. Steinhagen, 111 Tex. 597, 243 S.W. 457 (1922). Neither supports the argument. In Vincent this Court held only that following adoption of the Home Rule Amendment, the Legislature had no power by special law passed in violation of Sec. 56, Art. 3 of the Constitution to nullify a charter adopted by the people of Plainview pursuant to power granted by the Amendment and to grant a charter in lieu thereof by legislative act. In Eastham it was held that “The home rule amendment and the enabling act” transferred to home rule cities and their qualified voters “the same power which the Legislature had theretofore possessed to change territorial boundaries * * *; ” it was not held that the Legislature had no power to change the enabling act or to make the change retroactive.
Finally, citing Missouri, K. & T. Ry. Co. of Texas v. State, 100 Tex. 420, 100 S.W. 766 (1907) and Norton v. Kleberg County, 149 Tex. 261, 231 S.W.2d 716 (1950), the City contends that Art. 970a cannot be held retroactive to June 14th because the City cannot be charged with notice of its provisions until it became effective on August 23rd. To answer the argument we need only call attention to the fact that both of the cited cases dealt with private rights.
We have called attention to the fact that the trial court did not rule on the City’s plea in abatement. In due and logical order the plea should have been disposed of before the motions for summary judgment on the merits of the case were considered and heard. For, if the plaintiffs had no right to prosecute the suit, the merits of the case should never have been reached. The City asserted in its motion as a separate ground for summary judgment that the suit could only be maintained in the name of the State in a quo warranto proceeding. The trial court did not grant the motion on that ground; if it had, it would have rendered judgment abating or dismissing the suit. Nevertheless, the Court of Civil Appeals considered the question and held that the plea in abatement was good. Paradoxically, instead of reversing the judgment of the trial court and ordering the case dismissed, the Court of Civil Appeals affirmed the judgment of the trial court.
From what we have held, it is obvious that the judgments of the Court of Civil Appeals and trial court must be reversed. The next question to be decided is whether under the rule of Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958), we can here grant the motion for summary judgment of the plaintiffs and render judgment declaring the ordinances invalid. On the record before us, we hold that we cannot do so.
Plaintiffs pleaded that each of the ordinances purported to annex an area which, together with other areas annexed during the calendar year 1963, included territory in excess of ten (10) percent of the total corporate area of the City of Euless on the 1st day of January, 1963, but they tendered no summary judgment evidence of any kind to prove the allegation. Copies of the ordinances, properly certified, were attached to the City’s motion, but the copies do not show the area of the territory sought to be annexed, by acreage or otherwise. If we could use the field notes in the ordinances to determine the area encompassed thereby, there is no summary judgment evidence that the area does not contain territory which must be excluded under paragraph B. Finally, there is no summary judgment evidence of the total corporate area of the City of Euless on January 1, 1963; and even if we could determine the extent of the areas sought to be annexed, we could not determine whether the percentage formula of paragraph B was violated. Because of the absence of necessary *64 summary judgment proofs, the trial court would not have been authorized to render judgment for the plaintiffs, and neither is this Court. Accordingly, we have no alternative but to remand the cause to the trial court for further proceedings.
Since the cause must be remanded to the trial court, it seems imperative for the guidance of the trial court that we consider the holding of the Court of Civil Appeals that the plaintiffs have no right to maintain and prosecute their suit. We disagree with that Court’s holding. If the territory sought to be annexed exceeds the limits prescribed by the Legislature, the ordinances are in direct violation of Art. 970a. and are declared null and void by the very terms of that statute. A taxpayer may maintain a suit challenging the validity of ordinances which are utterly void because not authorized by law or color of law. Parks v. West, 102 Tex. 11, 111 S.W. 726 (1908). And see, City of Irving v. Callaway, Tex.Civ.App., 363 S.W.2d 832 (1962), writ refused, n. r. e.
The judgments of the courts below are reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

. Emphasis ours unless otherwise indicated.