Robert S. CALVERT, Comptroller of Public Accounts of Texas, Appellant,

v.

GENERAL ASPHALT COMPANY, Appellee.

No. 11434.

Court of Civil Appeals of Texas.

Austin.

Dec. 14, 1966.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., H. Grady Chandler and Gordon C. Cass, Asst. Attys. Gen., Austin, for appellant.

Wilson, Kendall, Koch & Randle, Joe A. Osborn, Austin, for appellee.

HUGHES, Associate Justice.

This suit was by General Asphalt Company, appellee, against Robert S. Calvert, Comptroller of Public Accounts of the State of Texas, appellant, to recover taxes, penalties and interest imposed by Art. 20.01 et seq., Title 122A, Taxation-General, Vol. 20A, V.A.T.C.S., "Limited Sales, Excise and Use Act," which it paid under protest. Trial to the court resulted in judgment for appellee.

The only question presented is whether appellee timely gave the notice required by Art. 20.04(H) in order to be exempted under its terms.

The facts are undisputed.

Appellee, a Texas Corporation, was engaged in the paving construction business prior to September 1, 1961, and had entered into contracts to perform paving work in Texas prior to the enactment of the Limited Sales, Excise and Tax Act. Art. 20.04(H) of Article I of this Act reads:

"(H) Written Contracts and Bids Executed Prior to the Effective Date of this Chapter. There are exempted from the taxes imposed by this Chapter the receipts from the sale, use or rental of, and the storage, use or other consumption in this State of, tangible personal property (i) used for the performance of a written contract entered into prior to the effective date of this Chapter or (ii) pursuant to the obligation of a bid or bids submitted prior to the effective date of this Chapter which bid or bids could not be altered or withdrawn on or after that date and which bid or bids and contract entered into pursuant thereto are at a fixed price not subject to change or modification by reason of a tax imposed by this Chapter.

Provided, however, that notice of such contract or bid by reason of which an exclusion is claimed under this paragraph (H) must be given by the taxpayer to the Comptroller on or before the lapse of one hundred and twenty (120) days from the date of passage of this Chapter."

In Section 1 of Art. VIII of the above styled Act it was provided that the Act should become effective from and after September 1, 1961, except that Art. V of the Act, not relevant here, should become effective from and after August 31, 1961. Similar provisions were contained in the emergency clause of the Act.

The Tax Act passed the House and Senate on August 8, 1961, by a two thirds vote of each legislative body and was filed with the Secretary of State, without the Governor's signature, on August 16, 1961.

Appellee gave the notice required by Art. 20.04(H) on December 19, 1961. This notice was timely if, as appellee contends, the 120 day period for giving the notice did not commence until September 1, 1961. If, on the other hand, time for giving notice commenced on August 16, 1961, as appellant contends, the notice was not given within the 120 days allowed.

Appellant directs our attention to an amendment of Art. 20.04(H) by the Legislature in 1963 wherein it provided that the notice required in order to obtain exemption should be given within 120 days "from August 16, 1961."

We are urged to adopt this legislative construction of the original Act. We cannot base our decision on legislative construction for the reason that one legislature is without authority to construe former enactments of other legislatures. Morris v. Calvert, 329 S.W.2d 117, Tex.Civ.App., Austin, writ ref., n. r. e.

We must determine the meaning of the phrase "from the date of passage" as used in Art. 20.04(H). The guiding principles to be employed in making this determination are stated in Scales v. Marshall, 96 Tex. 140, 70 S.W. 945,[1] from which we quote:

"The word 'passage' is used in connection with legislation in several senses. The adoption of a measure by either house is spoken of as its passage through that house. The final adoption of a bill by both the house and the senate is commonly spoken of as its passage. Again, after such adoption by the legislature, the approval of a bill by the governor is properly called its passage. Where acts take effect from their passage, the time of approval by the governor, or of final adoption over his veto, or of their becoming laws without his signature is, in law, called the time of their passage. But where the word is employed in an act which is finally passed at one time to take effect at a later time, it may, by reason of a somewhat common usage, be taken as referring to the latter date, unless such a construction is contrary to the intention appearing from the whole statute. The language of statutes which thus take effect at times subsequent to those of their adoption is usually taken as speaking only when they begin to operate as laws. * * * In the case of Galveston, H. & S. A. Ry. Co. v. State, 81 Tex. 572, 598, 17 S.W. 67, Justice Gaines, citing several of the cases above referred to, thus states the doctrine: 'We apprehend that no universal rule of construction can be adopted when a statute which makes a distinction between future and past transactions is passed upon one day to take effect upon another; but we think the general rule is that a statute speaks from the time it becomes a law, and that what has occurred between the date of its passage and the time it took effect is deemed with respect to the statute, a past transaction. This is in analogy to the rule for the construction of wills. This rule should not be applied when the language of the act shows a contrary intention.' The rule we are considering is one of construction, merely, and does not control the expressed intention of the legislature; but, as we have seen, the mere use of such words as 'before the passage,' 'after the passage,' 'heretofore,' 'hereafter,' or 'already,' does not so plainly show an intention to fix a date differing from that of the taking effect of the statute as to control. This is especially true where there is in force a constitutional provision such as ours, under which, with an exception not applicable here, statutes can only be effective after 90 days from the adjournment of the session of the legislature. In some of the cases it is strongly intimated, if not decided, that such a provision as that in question, if really intended to refer to the date of the passage of the act, would be an attempt to make

---

1. This Court followed Scales v. Marshall in Morris v. Calvert, 329 S.W.2d 117, writ ref., n. r. e.

the law partially operative sooner than permitted by the constitution, and would bring it in conflict with the provision cited. We intimate no opinion as to this, but think it legitimate to hold that the legislature meant that the law, when it became effective, should operate equally upon all, and that the word 'passage' was intended to mean what it has so often been held to mean when used in such connections. The statute contained a clause intended to put it into operation from its passage, but the bill did not receive the vote requisite for that purpose, and hence it took effect 90 days after adjournment."

■ An Act of the Legislature is not operative as notice of its provisions until it becomes effective as a law. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680, Norton v. Kleberg County, 149 Tex. 261, 231 S.W.2d 716. It performs no function whatsoever until its effective date. Highland Park Independent School District v. Loring, 323 S.W.2d 469, Tex.Civ.App., Dallas, n. w. h.

The phrase "date of passage of this Chapter" is ambiguous. Its meaning must be determined by other provisions of the Act which are not ambiguous and from the intention of the Legislature, easily ascertainable.

It is not arguable but that the Legislature intended to (1) exempt from the tax imposed by the Act the transactions which are the subject of this suit (2) give the persons entitled to the exemption 120 days within which to give notice of the transactions claimed to be exempt from taxation (3) make the Act effective September 1, 1961, as to the provisions before us.

If appellant's view is sustained, then these latter two clearly expressed intentions of the Legislature are subordinated to the ambiguous phrase "date of passage of this Chapter." The Act would, in such event, become operative for the purpose of giving the notice required by Art. 20.04(H) on August 16, 1961, and the taxpayer would not have 120 days from the time such Act became effective as a law within which to give such notice.

■ Applying the principles of Scales v. Marshall, supra, we hold that the phrase "from the date of passage of this Chapter" means from the date the Act became operative as a law, September 1, 1961. This holding is consistent with the legislative intent gathered from the Act as a whole and its provisions particularly noted herein.

The judgment of the trial court is affirmed.

Affirmed.