Honorable Bill Messer Chairman Calendars Committee Texas House of Representatives P. O. Box 2910 Austin, Texas 78769
Re: Effect on existing policies of January 1, 1984, increase in required Proof of Financial Responsibility under article 6701h, V.T.C.S.
Dear Representative Messer:
You have asked whether automobile liability insurance policies in effect at the time Senate Bill No. 538 (Sixty-eighth Legislature, Regular Session) became law on January 1, 1984, must be read thereafter to provide at least fifteen thousand dollars ($15,000) coverage against liability regardless of the stated policy limits.
The legislation, Acts 1983, 68th Leg., ch. 535 at 3122, amended article 6701h, V.T.C.S., the Safety Responsibility Law. Basically, the bill changed the definition of `Proof of Financial Responsibility,' which had previously required motorists to show
 [p]roof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a motor vehicle, in the amount of Ten Thousand Dollars ($10,000) because of bodily injury to or death of one person in any one accident. . . .
and in amounts of $20,000 and $5,000, respectively, for injuries to more than one person and for property damage. See Acts 1963, 58th Leg., ch. 506, § 1, at 1320. Under the new provisions, those minimum amounts have been raised to $15,000, $30,000, and $15,000, respectively, effective January 1, 1984, and to $20,000, $40,000, and $15,000, effective January 1, 1986. V.T.C.S. art. 6701h, § 1.
Section 7 of Senate Bill No. 538 stated:
 This Act takes effect January 1, 1984, provided that any insurance policies issued prior to January 1, 1984, which proved financial responsibility prior to that date shall continue to be adequate proof of financial responsibility until it [sic] terminates or one year from its issuance, whichever is sooner, and any insurance policy issued in 1985 which proved financial responsibility prior to January 1, 1986, shall continue to be adequate proof of financial responsibility until it terminates or one year from its issuance, whichever is sooner. (Emphasis added).
The Safety Responsibility Law does not affect the actual amount of damages for which a motorist may be held liable by an injured party in court; it is a regulatory measure that denies the privilege of using Texas highways to a motorist unless the motorist can show financial responsibility in amounts specified by law. See Gillaspie v. Department of Public Safety,259 S.W.2d 177 (Tex. 1953), cert. denied, 347 U.S. 933 (1954). Thus, a failure to furnish evidence or proof of financial responsibility does not insulate a motorist from financial responsibility for any damages his use of Texas highways may occasion, but such a failure can cause the offending motorist to lose his driving privileges and will make him subject to criminal penalty. V.T.C.S. art. 6701h, §§ 1C, 1F.
In our opinion, the legislature has clearly indicated its intent that no motorist should lose his driving privileges or be subject to criminal penalty for failure to provide `Proof of Financial Responsibility' if he remained insured after January 1, 1984, under an insurance policy that was adequate on December 31, 1983, to prove such financial responsibility under article 6701h as it then read; and that such policy would thereafter continue to furnish adequate proof of financial responsibility under the statute until the policy terminated, or until the expiration of one year from its issuance, whichever occurred first.
No part of the act became law before January 1, 1984, and inasmuch as an act speaks as of the time at which it takes effect, no one was required to take notice of it before that time. Popham v. Patterson, 51 S.W.2d 680 (Tex. 1932). The fact that an insurance policy reflecting policy limits of only $10,000 was first written after Senate Bill No. 538 was passed in 1983 is unimportant, so long as it was written prior to January 1, 1984 and remained in effect on that date, not having been issued as much as a full year earlier. A provision effective January 1, 1986 will again raise minimum required amounts. Our conclusion with respect to the provision effective January 1, 1984, also applies to the 1986 changes because of the clear legislative intent. Cf. Attorney General Opinion H-752 (1975).
The effect of Senate Bill No. 538 becoming law was not to automatically increase such policy limits, but, rather, to obviate the need to increase them before a later time. See Norton v. Kleberg County, 231 S.W.2d 716 (Tex. 1950).
 SUMMARY
The effect of Senate Bill No. 538, Sixty-eighth Legislature, Regular Session, was not to automatically increase the limits of existing automobile liability policies to a minimum of $15,000 on January 1, 1984, but rather was to obviate the need to immediately increase such limits in order to satisfy the financial responsibility requirements of article 6701h, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Bruce Youngblood Assistant Attorney General