

# The Attorney General of Texas

**JIM MATTOX**
**Attorney General**

May 10, 1985

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Messer
Chairman
Calendars Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-315

Re: Effect on existing policies
of January 1, 1984, increase in
required Proof of Financial Re-
sponsibility under article
6701h, V.T.C.S.

Dear Representative Messer:

You have asked whether automobile liability insurance policies in
effect at the time Senate Bill No. 538 (Sixty-eighth Legislature,
Regular Session) became law on January 1, 1984, must be read there-
after to provide at least fifteen thousand dollars ($15,000) coverage
against liability regardless of the stated policy limits.

The legislation, Acts 1983, 68th Leg., ch. 535 at 3122, amended
article 6701h, V.T.C.S., the Safety Responsibility Law. Basically,
the bill changed the definition of "Proof of Financial Responsi-
bility," which had previously required motorists to show

> [p]roof of ability to respond in damages for
> liability, on account of accidents occurring
> subsequent to the effective date of said proof,
> arising out of the ownership, maintenance or use
> of a motor vehicle, in the amount of Ten Thousand
> Dollars ($10,000) because of bodily injury to or
> death of one person in any one accident. . . .

and in amounts of $20,000 and $5,000, respectively, for injuries to
more than one person and for property damage. See Acts 1963, 58th
Leg., ch. 506, §1, at 1320. Under the new provisions, those minimum
amounts have been raised to $15,000, $30,000, and $15,000, respec-
tively, effective January 1, 1984, and to $20,000, $40,000, and
$15,000, effective January 1, 1986. V.T.C.S. art. 6701h, §1.

Section 7 of Senate Bill No. 538 stated:

> This Act takes effect January 1, 1984, provided
> that any insurance policies issued prior to
> January 1, 1984, which proved financial responsi-
> bility prior to that date shall continue to be

adequate proof of financial responsibility until it [sic] terminates or one year from its issuance, whichever is sooner, and any insurance policy issued in 1985 which proved financial responsibility prior to January 1, 1986, shall continue to be adequate proof of financial responsibility until it terminates or one year from its issuance, whichever is sooner. (Emphasis added).

The Safety Responsibility Law does not affect the actual amount of damages for which a motorist may be held liable by an injured party in court; it is a regulatory measure that denies the privilege of using Texas highways to a motorist unless the motorist can show financial responsibility in amounts specified by law. See Gillaspie v. Department of Public Safety, 259 S.W.2d 177 (Tex. 1953), cert. denied, 347 U.S. 933 (1954). Thus, a failure to furnish evidence or proof of financial responsibility does not insulate a motorist from financial responsibility for any damages his use of Texas highways may occasion, but such a failure can cause the offending motorist to lose his driving privileges and will make him subject to criminal penalty. V.T.C.S. art. 6701h, §§1C, 1F.

In our opinion, the legislature has clearly indicated its intent that no motorist should lose his driving privileges or be subject to criminal penalty for failure to provide "Proof of Financial Responsibility" if he remained insured after January 1, 1984, under an insurance policy that was adequate on December 31, 1983, to prove such financial responsibility under article 6701h as it then read; and that such policy would thereafter continue to furnish adequate proof of financial responsibility under the statute until the policy terminated, or until the expiration of one year from its issuance, whichever occurred first.

No part of the act became law before January 1, 1984, and inasmuch as an act speaks as of the time at which it takes effect, no one was required to take notice of it before that time. Popham v. Patterson, 51 S.W.2d 680 (Tex. 1932). The fact that an insurance policy reflecting policy limits of only $10,000 was first written after Senate Bill No. 538 was passed in 1983 is unimportant, so long as it was written prior to January 1, 1984 and remained in effect on that date, not having been issued as much as a full year earlier. A provision effective January 1, 1986 will again raise minimum required amounts. Our conclusion with respect to the provision effective January 1, 1984, also applies to the 1986 changes because of the clear legislative intent. Cf. Attorney General Opinion H-752 (1975).

The effect of Senate Bill No. 538 becoming law was not to automatically increase such policy limits, but, rather, to obviate the need to increase them before a later time. See Norton v. Kleberg County, 231 S.W.2d 716 (Tex. 1950).

## SUMMARY

The effect of Senate Bill No. 538, Sixty-eighth Legislature, Regular Session, was not to automatically increase the limits of existing automobile liability policies to a minimum of $15,000 on January 1, 1984, but rather was to obviate the need to immediately increase such limits in order to satisfy the financial responsibility requirements of article 6701h, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood