

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 8, 1970

Honorable Martin Dies, Jr.          Opinion No. M-551
Secretary of State
State Capitol Building          Re: Construction of Senate Bill
Austin, Texas 78711                 589, Acts of the 61st Legis-
                                    lature, Regular Session,
                                    1969, Ch. 779, p. 2304 (The
                                    Texas Professional Corporation
Dear Mr. Dies:                      Act).

        Your request for an opinion on the above subject
matter poses the following questions:

        "1.   When the Professional Corporation Act
becomes effective on January 1, 1970, will the
Professional Association Act be applicable only
to physicians, surgeons, and other doctors of
medicine, since the definition of 'professional
service' in Section 3 of the Professional As-
sociation Act limits the provisions of that Act
only to professional services which 'by law can-
not be performed by a corporation'?

        "2.   Other than those professions licensed
by the Texas State Board of Medical Examiners,
what professions, if any, are included within
the phrase 'physicians, surgeons, and other
doctors of medicine' as used in Section 3 of
the Texas Professional Corporation Act?

        "3.   Does the amendment (Chapter 802,
Acts of the 61st Legislature, Regular Session)
to Article 249a, Vernon's Annotated Civil
Statutes (architecture statute) have the effect
of excluding architects from the provisions of
the Texas Professional Corporation Act?

        "4.   Must the name of a Professional Corpora-
tion include words of incorporation in compli-
ance with Article 2.05A(1) of the Texas Business
Corporation Act?

-2626-

"5.   Must a Professional Corporation desig-
nate and maintain a registered office and agent
within the State of Texas in compliance with
Articles 3.02A(10) and 2.09 of the Texas Business
Corporation Act?"

At the outset we note that the Professional Corporation
Act (S.B. 589), the Professional Association Act (S.B. 745), and
the amendment to the architecture statute (H.B. 516), were all
passed at the Regular Session of the Sixty-first Legislature, 1969.
These three acts are in pari materia with the Texas Business
Corporation Act, and all four acts must be construed in that con-
text.

## QUESTIONS 1 & 2

The 61st Legislature in its Regular Session, passed "The
Texas Professional Corporation Act", Senate Bill 589, Chapter 779,
page 2304, which becomes effective January 1, 1970.

Section 3 of the above act sets forth a definition of
"Professional Service" and also defines a "Professional Corpora-
tion".  This section reads as follows:

"Sec. 3, as used in this Act, unless the
context otherwise requires, the term:

"(a) 'Professional Service' means any type of
personal service which requires as a condition
precedent to the rendering of such service, the
obtaining of a license, permit, certificate of
registration or other legal authorization, and
which prior to the passage of this Act and by rea-
son of law, could not be performed by a corpora-
tion, including by way of example, and not in
limitation of the generality of the foregoing pro-
visions of this definition, the personal services
rendered by architects, attorneys-at-law, certified
public accountants, dentists, public accountants
and veterinarians; provided, however, that physi-
cians, surgeons and other doctors of medicine are
specifically excluded from the operations of this
Act, since there are established precedents allow-
ing them to associate for the practice of medicine
in joint stock companies.

"(b) 'Professional Corporation' means a
corporation organized under this Act for the sole

and specific purpose of rendering professional
service and which has as its shareholders only
individuals who themselves are duly licensed or
otherwise duly authorized within this state to
render the same professional service as the
corporation." (Emphasis added.)

In construing the above.quoted statutory provisions
this office concluded in Attorney General's Opinion M-539 (1969)
that the provisions of Senate Bill 589 do not apply to corporations
which perform professional services which could be legally per-
formed by a corporation prior to the passage of the act. Attorney
General's Opinion M-539 concluded that since a corporation could
be legally organized under the Texas Business Corporation Act
for the purpose of performing engineering services, the pro-
visions of the Texas Professional Corporation Act do not apply
to professional engineering services or to corporations which
perform such services.

Section 6 states that the purpose of the Texas Pro-
fessional Corporation Act was to authorize corporations to be
organized for the purpose of rendering.one specific type of pro-
fessional service and services ancillary thereto.

In view of Section 3 of Senate Bill 589, the bill does
not apply to any professional service which could have been per-
formed by a corporation prior to the.passage of this act. In
addition the bill does not apply to physicians, surgeons and
other doctors of medicine licensed by the Texas State Board of
Medical Examiners, since these individuals are specifically
exempted. Corporations are not legally authorized to practice
medicine in view of the provisions of Article 4505, Vernon's
Civil Statutes. Rockett v. Texas State Board of Medical Exam-
iners, 287 S.W.2d 190 (Tex.Civ.App. 1956, error ref. n.r.e.).

Senate Bill 745, Acts of the 61st Legislature, Regular
Session, 1969, Ch. 840, p. 2513, authorizes the formation of a
professional association. Section 2 of Senate Bill 745 provides:

"(A) Formation. Any one.or..more persons
duly licensed to practice a.profession under
the laws of this state may, by complying with
this Act, form a professional association, as
distinguished from either a partnership or a .
corporation, by associating themselves for the
purpose of performing professional services and

dividing the gains therefrom as stated in articles of association or bylaws.'

"(B) Activities. No professional association organized pursuant to this..Act shall engage in more than one type of professional service.

"(C) Licenses. All members of the association shall. be. licensed to perform the type of professional service for which the association is formed."

In view of the provisions of Section 2 of Senate Bill 745, a professional association is not a corporation and the act applies to any person licensed to practice a profession under the laws of this State. Professional service as used in the provisions of Senate Bill 745 (Professional Association Act) is defined in Section 3 of Senate Bill 745 as follows:

"As used in this Act, the term 'professional service' means any type of personal service to the public which requires as a condition precedent to the rendering of such service the obtaining of a license, and which service by law cannot be performed by a corporation. The term 'license' includes a license, certificate of registration or any other evidence of the satisfaction of state requirements."

After the effective date, the Texas Professional Corporation Act (Senate Bill 589), the only professional service which is not permitted to be performed by a corporation is the professional service rendered by individuals licensed by the Texas State Board of Medical Examiners. In view of the provisions of Section 3 of Senate Bill 745 (Professional Association Act), it is our opinion that after January 1, 1970, the effective date of the Professional Corporation Act, the Professional Association Act applies only to individuals licensed by the Texas State Board of Medical Examiners. Our conclusion follows the fact that after January 1, 1970, any profession except the practice of medicine, can be incorporated and the services can by law be performed by a corporation.

## QUESTION 3

House Bill 516, Acts of the 61st Legislature, Regular

Session, 1969, Ch. 802, p. 2377, relating to architects, specifically authorizes the profession of architecture to be performed by a corporation. Said act became effective June 14, 1969. Therefore the question presented is whether the phrase "prior to the passage of this Act", contained in Section 3 of the Professional Corporation Act, has the effect of excluding architects from its provisions since architectural services after June 14, 1969, could be performed by a corporation pursuant to the provisions of House Bill 516.

The phrase "date of passage" has been construed by the judiciary of this State to mean the date the act becomes operative as a law. Scales v. Marshall, 96 Tex. 140, 70 S.W. 945 (1902); Glaveston, H. & S.A. Ry. Co. v. State, 81 Tex. 572, 17 S.W. 67 (1891); Calvert v. General Asphalt Co., 409 S.W.2d 935 (Tex.Civ. App. 1966).

The effective date of the Professional Corporation Act (Senate Bill 589) is January 1, 1970, and its provisions do not apply to corporations which perform professional services which could legally be performed by a corporation prior to the passage of the act (January 1, 1970). Attorney General's Opinion M-539 (1969).

Therefore in answer to your third question our answer is "yes". You are advised that the provisions of the Professional Corporation Act do not apply to architects or to corporations performing architectural services. However after June 14, 1969, architects could incorporate under the Texas Business Corporation Act, and they may continue to be so incorporated.

## QUESTIONS 4 & 5

Subdivision (A) of Article 2.05 of the Business Corporation Act requires that the corporate name shall contain the word corporation, company or incorporated, or shall contain an abbreviation of such words and shall contain additional words as may be required by law. Section 5 of Senate Bill 589 (Professional Corporation Act) provides that the Texas Business Corporation Act shall be applicable to professional corporations except to the extent that the provisions of the Texas Business Corporation Act conflict with the provisions of the Professional Corporation Act.

In answer to Question 5 you are likewise advised that the provisions of Subdivision 10 of Article 3.02A and the provisions of Article 2.09 of the Texas Business Corporation Act are applicable to corporations formed under the Professional Corporation Act.

### S U M M A R Y

The Professional Corporation Act (Senate Bill 589, Acts of the 61st Legislature, Regular Session, 1969, Ch. 779, p. 2304) applies to all professions which could not incorporate prior to the effective date of the act (January 1, 1970). After January 1, 1970, the provisions of the Professional Association Act (Senate Bill 745, Acts of the 61st Legislature, Regular Session, 1969, Ch. 840, p. 2513) are applicable only to individuals licensed to practice medicine by the Texas State Board of Medical Examiners. The effect of the 1969 amendment to the architecture statute (Chapter 802, Acts of the 61st Legislature, amending Article 259a, Vernon's Civil Statutes) was to exclude architects from the provisions of the Texas Professional Corporation Act, but architects may incorporate under the Texas Business Corporation Act. The provisions of Article 2.05A(1), 2.09 and 3.02A(10) of the Texas Business Corporation Act are applicable to all corporations formed under the Professional Corporation Act.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Sam Jones
Bill Allen
Richard Chote
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant