COMMISSIONERS' COURT OF SAN AUGUSTINE COUNTY et al.

v.

RAYBURN.

No. 4954.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 8, 1954.

J. L. Smith, James A. Doherty, San Augustine, for appellants.

McAlister & Tucker, Nacogdoches, for appellee.

R. L. MURRAY, Chief Justice.

Tom G. Rayburn, the appellee, brought suit in the district court of San Augustine County against the members of the Commissioners' Court of said county and Tom Lakey, Vaughn Lakey and Steve Bryant, appellants, seeking a declaratory judgment concerning the validity of a stock law election held in a subdivision of San Aug-

ustine County on November 5, 1952, and seeking an injunction against the named appellants, defendants in the court below. The election held on November 5, 1952 was for the purpose of determining whether hogs, sheep and goats should be permitted to run at large in the subdivision of San Augustine County, Texas, in which the election was held. It was stipulated by counsel on the trial of said cause that an election was held on November 8, 1949 in San Augustine County, Texas, for the purpose of determining whether hogs, sheep and goats should be permitted to run at large in San Augustine County, Texas, which election resulted in favor of prohibiting hogs, sheep and goats from running at large in said county, and it was further stipulated that an election was held on November 5, 1952 in Precinct 5 and a part of Precinct 4, being a subdivision of San Augustine County, Texas, in which election the result was in favor of permitting hogs, sheep and goats to run at large in said subdivision. It was further stipulated that said election of November 8, 1949 is in force and effect unless defeated by the subsequent election held on November 5, 1952, and that the election held on November 5, 1952, is in force and effect unless invalid by reason of said prior election held on November 8, 1949. The case was presented to the court and the court entered judgment declaring that said election held on November 8, 1949 is valid and subsisting and that under its terms hogs, sheep and goats may not be allowed to run at large throughout the county of San Augustine, or in any subdivision of part thereof, and held that the election of 1952 is void and of no force and effect and that the Commissioners' Court had no jurisdiction or authority to order said election and said subdivision designated as Precinct 5 and a part of Precinct 4. The judgment of the court further decreed that the defendants Tom Lakey, Vaughn Lakey, and Steve Bryant be permanently enjoined from permitting and allowing their hogs, sheep or goats from running at large in any part, portion or subdivision of San Augustine County, and that the Commissioners' Court

of San Augustine County, and the members thereof, be permanently enjoined from attempting to enforce the provisions and results of the election of November 5, 1952.

By their first point the appellants contend that the trial court erred in declaring the election held on November 5, 1952 invalid for the reason that Articles 6930 and 6944, Vernon's Annotated Civil Statutes, expressly provide for such an election in a subdivision on that date, and that said statutes governing the stock law election do not prohibit such an election as was held, but expressly provide for same to be held. By their second point they contend that the trial court erred in enjoining them from allowing their hogs, sheep and goats to run at large in the subdivision of San Augustine County in which the November 5, 1952 election was held. By their third point they contend that the trial court had no jurisdiction of the parties and subject matter in controversy and that the cause of action as brought was in the nature of an election contest or a direct attack upon the November 5, 1952 election, and that the appellee wholly failed to comply with the laws of this State governing election contests.

■ The two statutes governing the stock law election in controversy were as follows:

"Art. 6930. 7209, 4978 To order election

"Upon the written petition of fifty freeholders of any county, or upon the petition of twenty freeholders of any subdivision of a county, the commissioners court of such county shall order an election to be held in said county or subdivision, on some day named in the order, for the purpose of enabling the freeholders of such county or subdivision to determine whether hogs, sheep or goats shall be permitted to run at large in such county or subdivision."

"Art. 6944. 7232 No election within two years

"After the adoption of the stock law in any county or subdivision, no elec-

554

tion under the preceding articles shall be held within the same prescribed limits in less than two years after an election under this law has been held therein; but at the expiration of that time the commissioners court of each county in the State, whenever petitioned to do so by a majority of the freeholders, who are qualified voters under the constitution and laws of a county which has formerly adopted the stock law, or by a majority of the freeholders who are qualified voters under the constitution and laws of the subdivision of a county which has formerly adopted the stock law, shall order another election to be held by the freeholders who are qualified voters under the constitution and laws of such county, or subdivision, to determine whether hogs, sheep and goats shall be permitted to run at large in said county or subdivision, which election shall be ordered, held, notice thereof given, the votes returned and counted in all respects as provided by this law for a first election."

The gist of the contention made by the appellants is that by the terms of said Article 6944, supra, when the stock law has been adopted by a county an election may be lawfully called and held after two years in a subdivision of such adopting county to determine whether hogs, sheep and goats should be permitted to run at large in said subdivision. The appellee takes the contrary view and says that once a prohibitory law has been passed, that is, the stock law prohibiting the running at large of hogs, sheep and goats within a county, the only manner in which such adoption of the stock law can be repealed is by a county-wide election, under the terms of said Article 6944. There is no authority available to either party upon the construction of such statute. The Attorney General, in an opinion dated December 12, 1949, addressed to the County Attorney of Angelina County concluded that in regard to the general stock law Article 6954, Vernon's Annotated Civil Statutes of Texas, after a county as a whole has adopted the stock law under Article 6954, supra, an election may not be

called in a subdivision alone to repeal the law in that subdivision.

■. We believe that said Article 6944 must be read in the light of the provisions of the prior Article 6930. That article plainly provides for a local option election to be held in a county or in a subdivision of a county to determine whether hogs, sheep and goats shall be permitted to run at large in such county or subdivision. Clearly the county includes all subdivisions thereof. When by a county-wide election the voters of an entire county have adopted a law prohibiting hogs, sheep and goats from running at large in such county, it is unlawful for persons to allow such animals to run at large in such county so long as such law shall remain in effect in said county. Likewise when voters of a subdivision of a county have, under said Article 6930, adopted such stock law it is unlawful for persons to allow such animals to run at large in such subdivision as long as such law is in effect there. Article 6944, supra, then provides methods by which a stock law election in either of these two political subdivisions may be repealed by election. We think the meaning of Article 6944 is therefore plain that an election to repeal the adoption of a stock law prohibiting the running at large of hogs, sheep and goats can be lawfully called and held in an adopting county only by a county-wide election. It is equally plain, we believe, that only in case a subdivision of a county has adopted this stock law can the voters of such subdivision in an election by their votes repeal it as to that subdivision. Any other construction of such Article 6944 would result in permitting voters in the subdivision of a county to repeal by their votes the results of the county-wide election, since by said county-wide election the running at large of such animals was prohibited in the entire county. In this way ultimately the effect of the county-wide election would be nullified to some degree.

The controversy arises, of course, from the awkwardness of the placing of the words "or by a majority of the * * * qualified voters * * * of the subdivi-

sion of a county which has formerly adopted the stock law." We take this to mean "voters of a county subdivision which has formerly adopted the stock law."

We hold, therefore, that the trial court was correct in its judgment that the election held November 5, 1952 was void and of no force and effect.

 We have searched the record, both the transcript and statement of facts and stipulations, and find no ground which can justify the issuance of an injunction against the appellants, Tom Lakey, Vaughn Lakey and Steve Bryant. There is no evidence any where in the record that they are now or have been in the past or intend in the future to permit their hogs, sheep and goats to run at large in San Augustine County. We sustain the point of the named appellants that the trial court erred in enjoining them from so doing.

As to the members of the Commissioners' Court and that body itself, we believe that since the suit was brought under the declaratory judgment act, it was neither proper nor necessary to enjoin them from enforcing results of said election which we have above declared to be void and invalid. Primarily the purpose of such a suit is to obtain a declaration of the rights of the parties and as was prayed for by the appellee in his petition above, "to secure from the court a full and complete declaration in regard to the rights of the parties and the interpretation of the statutes involved." We think when this was done the purpose and intent of the declaratory judgment act had been complied with and there was no necessity for enjoining the Commissioners' Court.

We believe the trial court properly took jurisdiction of this controversy. It was not a contest of the election held on November 5, 1952 but the parties stipulated that insofar as the machinery of the stock law election was concerned all the statutory requirements were complied with, except with regard to the validity of the election

from the standpoint of the particular point raised in the suit. The application of the declaratory judgment act in order to obtain the construction of statutes has been held to be proper. We believe in the present controversy it presents a sensible and inexpensive remedy to the parties in order to determine the meaning and application of the statutes considered.

That portion of the trial court's judgment which declared the November 5, 1952 election to be void and of no effect is affirmed.

That portion of the judgment which granted an injunction against the appellants is reversed and rendered.

In view of the fact that some relief was obtained by the appellants on this appeal, the costs of the trial and the appeal will be taxed equally, one-half against the appellants and one-half against the appellee.

ANDERSON, J., disqualified and not sitting.