**CITY OF WACO, Texas, Appellant,**

v.

**Arlon R. EARHART et al., Appellees.**

**No. 5340.**

Court of Civil Appeals of Texas, Waco.

June 20, 1974.

Rehearing Denied July 18, 1974.

Earl Bracken, Jr., City Atty., Albert R. Kuehl, Asst. City Atty., Waco, for appellant.

Charles E. Wallace, Waco, for appellees.

OPINION

JAMES, Justice.

This is an appeal by Plaintiff-Appellant City of Waco, Texas, from an order of the trial court denying a temporary injunction. We affirm.

Defendant-Appellees Arlon R. Earhart and Wilmar Dean Earhart owned a 99.3 acre tract located near the community of Spring Valley in McLennan County, Texas, through which tract they graded a street and surveyed said tract into lots. The Earharts also piped water to the lots from the nearby town of Hewitt, Texas. The subdivision was given the name, "Spring Valley Estates."

This subdivision lies beyond the corporate limits of the City of Waco but within the extraterritorial jurisdiction of such

City as defined by Article 970a, Vernon's Annotated Civil Statutes.

The Earharts had never filed a plat of Spring Valley Estates with the City of Waco.

Plaintiff-Appellant City of Waco filed this suit against the Earharts, seeking a temporary injunction against them from doing any further surveying, platting, laying out of streets, construction of streets and utility facilities, furnishing water, building of septic tanks, or in any other manner developing the tract in question, to be in effect until such time as a subdivision plat of such property shall have been filed with and approved by the City "in accordance with State Law and Plaintiff's subdivision ordinance."

Section 1 of Article 974a, V.A.T.S., in effect requires that every owner of a tract of land situated within the corporate limits or within five miles of the corporate limits of any city who shall subdivide such tract, shall cause a plat to be made thereof meeting certain requirements set out therein.

Section 4 of Article 970a, V.A.T.S. empowers a city by ordinance to extend its subdivision regulations to the area under its extraterritorial jurisdiction. It then provides that no violation of the ordinance outside the corporate limits shall be subject to the penal sanctions imposed by the subdivision ordinance, and further provides that the city shall have a right to enjoin violations of the ordinance within its extraterritorial jurisdiction.

The City of Waco in its petition alleged in effect that under the authority of Article 970a, V.A.T.S., it had the power to control the platting and subdividing of property within its extraterritorial jurisdiction by virtue of ordinances passed by said City. The allegations read:----"On October 4, 1955, Plaintiff duly enacted a comprehensive subdivision ordinance controlling the platting and subdividing of property within its corporate limits and five (5) miles thereof. This subdivision ordinance was extended to control the laying out, platting, and subdividing of property within the Plaintiff's extraterritorial jurisdiction by an ordinance duly enacted on May 14, 1964."

The trial court upon hearing the evidence denied any temporary injunctive relief, from which action the City of Waco appeals.

■ We affirm the trial court's order. The city ordinances referred to in Appellant's petition, by which the City claims to have acquired control over subdivisions in its extraterritorial jurisdiction, were not offered in evidence. The provisions of such ordinances were therefore not before the trial court. Judicial notice is not taken of municipal ordinances, but they must be pleaded and proven like other facts. State ex rel. Osborn v. City of McAllen (Tex. Comm.App.1936), 127 Tex. 63, 91 S.W.2d 688, opinion adopted by the Supreme Court.

■ In suits for temporary injunctions, the trial judge is endowed with broad discretion to grant or deny the injunction. In the case at bar, the scope of appellate review is limited to the question of whether the action of the trial court in denying the temporary injunction constitutes a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth (1962), 163 Tex. 616, 358 S.W.2d 589. Stated differently, a trial court judgment either granting or denying a writ will not be reversed unless such action constitutes a clear abuse of discretion. Sun Oil Company v. Whitaker (Tex.Sup. Ct.1968), 424 S.W.2d 216.

■ Here, the Director of Planning for the City of Waco testified as to the existence of a subdivision ordinance, and also testified as to some of its provisions; however, under this record before us, without the ordinances themselves being in evidence, we cannot say the trial court abused his discretion. We therefore affirm the trial court's judgment.

Affirmed.