**CITY OF KINGSVILLE, Appellant,**

v.

**INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL UNION NO. 2390, and Alonzo Lopez, Jr., et al., Appellees.**

No. 1234.

Court of Civil Appeals of Texas, Corpus Christi.

April 27, 1978.

Reynaldo S. Cantu, Jr., Nelson R. Sharpe, Glusing & Sharpe, Kingsville, for appellant.

David L. Perry, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is a companion case to *International Association of Firefighters, Local Union No. 2390 v. City of Kingsville,* bearing our number 1249. Both causes were submitted on the same stipulated evidence so that we need not herein repeat the evidence which was set out in the companion case.

This particular cause was brought as a declaratory judgment, and was severed from the original suit brought by the International Association of Firefighters, Local Union No. 2390. In this action the Union contends that the August 14, 1976 election which repealed the City's adoption of Tex. Civ.Stat.Ann. art. 5154c–1 (Supp.1978) was void and in contravention of the Act's provision which allows a repeal election to be called only when the provisions of the Act have been in effect for a period of one year.

The trial court, sitting without a jury, considered the stipulated facts and entered judgment that the August 14, 1976 repeal election was void. The City, appellant in this cause, brings this appeal. We affirm.

The City's first point of error contends that the instant cause is in essence an election contest rather than a suit for declaratory judgment, and that accordingly

appellee's failure to give the statutorily required notice for an election contest precludes the bringing of this action. A review of the record discloses that the City's above contention was not pleaded, nor does it indicate that the issue was raised at trial. Therefore the issue cannot be raised for the first time on appeal. *State of California Department of Mental Hygiene v. Bank of the Southwest National Association,* 163 Tex. 314, 354 S.W.2d 576 (1962); *Setliff v. Gorrell,* 466 S.W.2d 74 (Tex.Civ.App.— Amarillo 1971, no writ).

■ Even if we were to consider the City's election contest contention on its merits, we could not sustain the point, as we will demonstrate. According to *Clark v. Stubbs,* 131 S.W.2d 663, 666 (Tex.Civ.App.— Austin 1939, no writ) an election contest challenges matters which "tend to show that an election was not properly ordered or fairly conducted, such as the failure to give notice of the time and place where the election is to be held or that illegal votes were cast thereat, or some other matter that would impeach the fairness of the result." In other words, an election contest challenges the election *process. Dickson v. Strickland,* 114 Tex. 176, 265 S.W. 1012, 1018 (1924); *Hodges v. Cofer,* 449 S.W.2d 836, 838 (Tex.Civ.App. Houston [1st Dist.] 1970, writ ref'd n. r. e.).

Neither the pleadings nor the stipulated facts of the instant suit allege any unfairness or wrongdoing in the process of the repeal election of August 14, 1976. The Union's action, on the contrary, seeks to determine whether the City had the proper statutory *authority* to hold the repeal election. Such determination is not within the scope of an election contest. *Magnolia Petroleum Co. v. Jackson County Water Control and Improvement District No. 1,* 290 S.W.2d 310, 312 (Tex.Civ.App.—Galveston 1956, no writ); *Ladd v. Yett,* 273 S.W. 1006, 1011 (Tex.Civ.App. Austin 1925, writ dism'd); *McCall v. Lewis,* 263 S.W. 325, 327 (Tex.Civ.App. Austin 1924, no writ). But authority can be properly determined by a declaratory judgment suit. *Commissioners' Court of San Augustine County v. Rayburn,* 264 S.W.2d 552, 555 (Tex.Civ.App.—Beaumont 1954, no writ). See also *City of Honey Springs v. Templeton,* 194 S.W.2d 620 (Tex.Civ.App.—Dallas 1946, writ ref'd n. r. e.), (stating in dicta that a declaratory judgment is a proper way to challenge the statutory authority to hold an election); and compare *Wichita Common School Dist. v. Dickens Ind. Sch. Dist.,* 206 S.W.2d 885 (Tex.Civ.App.—Amarillo 1947, writ ref'd) (a declaratory judgment case determining whether a county board of school trustees was authorized to call an election). Because this was not an election contest, no notice of the type contended was required.

■ During oral argument the City apparently altered its contentions somewhat and did not argue that the instant matter was an election contest, but rather argued that the instant suit should have been brought seeking an injunction rather than declaratory relief. This contention, however, was not raised below nor was it briefed by the City. Therefore we need not decide this question. *Lone Star Gas Company v. Sheaner,* 157 Tex. 508, 305 S.W.2d 150 (1957). Appellant's first point is overruled.

The City's second point contends the repeal election was valid because the Act was placed in effect more than one year before the August 14, 1976 repeal election.

■ No findings of fact or conclusions of law were requested or filed. It must then be presumed upon appeal that the trial judge found every fact necessary to sustain the judgment, and the judgment should be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.Sup. 1977). Further, in considering the sufficiency of the evidence in support of presumed findings, we must construe the evidence in the light most favorable to the judgment and disregard all evidence to the contrary indulging every legitimate conclusion which tends to uphold the judgment. *Texas Construction Associates, Inc. v. Balli,* 558 S.W.2d 513 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Fenlon v. Jeffee,* 553 S.W.2d 422 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.).

Tex.Rev.Civ.Stat.Ann. art. 5154c–1 § 5(c) (Supp.1978) provides that a repeal election may be called:

"In any city . . . in which the provisions of this Act have been in effect for a period of one year, . . . "

The controlling question for decision then is whether the provisions of the act were *in effect* for greater than one year prior to the repeal election. Stated differently, the question is: when did the Act go into effect?

In determining when an Act goes into effect as law the intention of the Legislature as manifest from the Act as a whole must govern. *Norton v. Kleberg County*, 149 Tex. 261, 231 S.W.2d 716, 718 (1950). See also 5 McQuillin-Municipal Corporations § 15.39 (rev. ed. 1969); 48 C.J.S. Intoxicating Liquors § 66 (1947). Article 5154c–1 § 5(b) provides that after an election adopting the Act:

" . . . then such governing body shall place this Act into effect within 30 days after the beginning of the first fiscal year of said city or town after said election . . . "

The parties stipulated that the Kingsville fiscal year begins on October 1 of each year and further stipulated that no action was taken by the City Commission concerning the adoption or repeal of the adoption of the provisions of Article 5154c–1 except as shown by the stipulations. The only other stipulated evidence relevant to the effective date of the Act was the order canvassing the June 9, 1975 election. But the order does not purport to place the Act into effect; it merely recites the results of the election and states that "said proposition is hereby declared to have passed." We do not think the Legislature intended that the canvassing of an election by a governing body would necessarily place the Act into effect. It is clear that the Texas Election Code's provisions relative to canvassing an election applied to the first election herein. Tex. Election Code Ann. art. 8.29a (1967). The Election Code provides that an election shall be canvassed on the Monday next following the day of election or sooner. Tex.

Election Code Ann. art. 8.34 (1967), *Shelor v. Commissioners Court of Harris County*, 304 S.W.2d 153 (Tex.Civ.App.—Fort Worth 1957, no writ). Article 5154c–1 § 5 provides on the other hand, though, that the governing body has a certain limited discretion as to when the Act shall be placed into effect. To conclude that the canvassing of an election is the event which places the Act into effect would render these discretionary provisions of Article 5154c–1 § 5 surplusage and useless. It is presumed that the Legislature intended that the provisions dealing with this election and enactment process should operate in harmony. See *Freels v. Walker*, 120 Tex. 291, 26 S.W.2d 627, 630 (Tex.Comm'n App.1930, jdgmt adopted); *Hayek v. Western Steel Company*, 469 S.W.2d 206 (Tex.Civ.App.—Corpus Christi 1971), aff'd, 478 S.W.2d 786 (Tex.Sup.1972). We think therefore that the Legislature intended that the governing body take some action in addition to canvassing the vote to place the Act into effect.

According to the stipulations, after the canvassing of the vote no further action relative to the Act was taken until October 31, 1975, at which time the Union's negotiating committee sent a request to the City to initiate bargaining. Because it is clear the City of Kingsville did not put the Act into effect prior to October 31, 1975, we conclude that there was sufficient evidence for the trial court to impliedly find that the August 14, 1976 election was void because it was held prior to the expiration of one year from the date the Act went into effect.

The City also contends that the City Code of Kingsville does not contain any provision which requires the City Commission to adopt any resolution or ordinance to put into effect the results of the election adopting the Act. The City, though, did not plead or offer into evidence any proof of the City Codes, and thus they were not before the trial court. "Judicial notice is not taken of municipal ordinances, but they must be pleaded and proven like other facts." *City of Waco v. Earhart*, 511 S.W.2d 549 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.); 40 Tex.Jur.2d Rev. Part 1, Municipal Corporations § 309 (1976).

Finally, the City argues that because no election contest was filed within 30 days after the return day of the election, then the result of the election was binding and in effect no later than 30 days after June 9, 1975. The City is apparently arguing that an election contest is the only possible way to challenge the result of an election and because no election contest was filed within 30 days, the Act went into effect automatically. As we stated earlier, an election contest is not the only means of challenging the validity of an election. *Commissioners' Court of San Augustine County v. Rayburn,* supra. Furthermore, the City cites us to no authority nor have we found any which supports its contention. The City's second point is overruled.

The judgment of the trial court is AFFIRMED.