Lee BAUGH, Appellant,

v.

Evvie C. MYERS, Appellee.

No. 13–84–159–CV.

Court of Appeals of Texas,
Corpus Christi.

March 21, 1985.

See also Tex.Civ.App., 620 S.W.2d 909.

Ben House, Corpus Christi, for appellant.
John Sixta, Corpus Christi, for appellee.

## OPINION

### PER CURIAM.

During their marriage, J.H. Myers and Evvie C. Myers owned certain lots and buildings thereon. Mr. Myers died in 1974, leaving a will creating a life estate in appellee and a remainder interest in three named individuals and their children.

In 1976, Mrs. Myers entered into a lease with Curtis Ripley which created a purchase option in the lessee "if and when a clear title and title policy can be secured." During December of 1978, appellant secured an assignment of this lease and began to occupy the property. Evvie C. Myers, appellee, filed a suit in the 214th District Court of Nueces County against appellant in trespass to try title regarding the same real property. The court in that case found in favor of appellee and, on July 10, 1980, awarded possession of the property to her 90 days after the judgment. Lee

Baugh, appellant herein, appealed that case. The Supreme Court affirmed the judgment of the trial court and Court of Appeals. Pursuant to that judgment, the real property was surrendered to appellee in June of 1982.

The instant suit was instituted to recover taxes which had accrued during the appeal of the prior suit, the fair market value of the rent which accrued during the appeal and for the cost of repair of damage done to the property in excess of normal wear and tear. Trial was to the court and resulted in a judgment for taxes, rent, damage done and attorney's fees.

By his second and third points of error, appellant complains that the trial court erred in failing to grant appellant credit for monies paid to appellee and that there is insufficient evidence to support the award for the fair market rental value. No findings of fact or conclusions of law were filed.[1] When a record is without findings of fact and conclusions of law, the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *City of Kingsville v. International Association of Firefighters*, 568 S.W.2d 397 (Tex. Civ.App.—Corpus Christi 1978, no writ). In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and*

---

1. The appellant complains in his brief that the trial judge failed to file the findings despite appellant's request. However, the record does not reflect that appellant complied with Rule 297 by complaining within 5 days of the end of the time for filing such findings. *See Ratcliff v. State Bar of Texas*, 673 S.W.2d 339 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Frankfurt v. Decker*, 180 S.W.2d 985 (Tex.Civ. App.—Dallas 1944, no writ). Appellant pointed out during oral argument that the term of office

of the trial judge expired two days following the signing of the judgment in this case. This contingency was provided for by statute:

> Any judge of a district or county court whose term of office expires ... during the period prescribed for the filing of the ... conclusions of law and fact, may ... file such findings of fact and conclusions of law in such cause, .... TEX.REV.CIV.STAT.ANN. art. 2248 (Vernon 1971).

*Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960).

The trial court awarded $13,594.70 as the fair market rental value of the property. A person who has obtained a judgment, later affirmed on appeal, is entitled to all the benefits that would have resulted if there had been no appeal. *Texas Trunk R. Co. v. Jackson,* 22 S.W. 1030, 1031 (Tex.1893); *McWilliams v. McWilliams,* 531 S.W.2d 392 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Among the benefits to which appellee is entitled is the fair market value of the rental during the pendency of the appeal. This would include an accounting for the rents actually received by appellant, plus an allowance for the value of the space occupied by appellant, less the expenses incurred by appellant.

The relevant time is from the date appellee was entitled to possession, 90 days after the date of the judgment in Cause No. 79–4018–F, to the date appellee was returned to possession, June 15 or 17 of 1982. Appellant leased out portions of the building and occupied approximately 3900 square feet of the building for his own business. Defendant's Answers to Interrogatories show that appellant received gross income in the amount of $22,861.42. The expenses listed totaled $25,335.24 and included payments to appellee made by appellant pursuant to the supersedeas bond in Cause No. 79–4018–F and payments to appellant's attorney, Sam Westergren, for services and expense related to the appeal in Cause No. 79–4018–F in the amount of $5,489.46. Appellant testified that all of the payments to Mr. Westergren given during this period were for the purposes of prosecuting the appeal from the judgment entered in Cause No. 79–4018–F. Although reasonable attorney's fees could be allowed for legal services provided for operating the property (i.e., collections, evic-

tions, leases), to allow fees for the appeal of the prior cause would be, in effect, an award of fees for an appeal which was lost; therefore, we deduct the $5,489.46 from the expenses listed and allow appellant $19,845.78 in expenses. This would result in a net income of $3,015.64.[2] As noted above, this figure includes amounts paid to Mrs. Myers pursuant to the supersedeas bond in Cause No. 79–4018–F.

In addition to this amount, appellee is entitled to the value of the premises occupied by appellant for his business. Appellant's expert witness testified the rental value of the space was $.05 per square foot, or $195.00 per month. Appellee's expert witness testified the rental value of the space was up to $.25 per square foot, or $975 per month.[3] The duration of the appeal was approximately 20 months. Therefore, from the evidence presented in this case, it would be reasonable for the trial court to have found for the space occupied by appellant a fair market rental value between $6,915.64[4] and $22,515.64.[5] We find that the trial court's award of $13,594.70 is supported by sufficient evidence and that the proper credits for monies paid to appellee were allowed. Appellant's second and third points of error are overruled.

Appellant, by his fourth point of error, complains that the trial court erred in granting judgment for damages for the reasonable and necessary cost of repairs of damage in excess of normal wear and tear to the property because such is against the great weight and preponderance of the evidence.

The trial court awarded damages for the cost of repairs in the amount of $13,538.40. Where a record is without findings of fact and conclusions of law, the appellate court is required to affirm the judgment rendered by the trial court, if it can be sustained on any reasonable theory authorized by law and supported by the evidence.

---

**2.** 22,861.42—19,845.78.

**3.** Other evidence was presented showing values between these figures.

**4.** 3,015.64 + (20 months × $195 per month) = 6,915.64.

**5.** 3,015.64 + (20 months × $975 per month) = 22,515.64.

*Bishop v. Bishop,* 359 S.W.2d 869, 871 (Tex.1962).

■ Mr. Chandler, appellee's grandson and representative at trial, presented slides (PX–3) which he had taken of the condition of the property. Although he testified that he had taken the slides in February of 1983, he also testified that they accurately portrayed the condition of the property when the appellant surrendered possession. Mr. Chandler also presented an itemized list of the damages to the property (PX–4) and a floor plan showing the upper floor of the building (PX–5).

Mr. Genschow, a real estate appraiser and appellee's expert witness, testified that he had examined the property in June 1980 and again in June 1982. Although he testified that he had not seen the interior of the apartments in 1980, he also testified that extensive damage in excess of normal wear and tear had occurred in the interim.

He testified that he had reviewed plaintiff's exhibits 3, 4 & 5 and stated that 80% of the damage reflected by these exhibits constituted damages in excess of normal wear and tear. He further testified that approximately 75% of the damage reflected by these exhibits occurred during the period of June 1980 through June 1982. He further testified that the cost of repairs would be $10,200.00.

Mr. Moorehouse, a contractor and appellee's expert witness, testified that the cost to repair each item listed on PX–4 & 5 would be $22,509.00, as reflected by his bid (PX–6). He testified that the bid was not prepared in anticipation of litigation and that he was prepared to undertake the work at that price.

Appellee requested that the trial court delete items listed on PX 4 & 6 in the amount of $1,175.00 as damage occurring prior to June 1980. This leaves $21,314.00 in damages. If this figure is adjusted to meet Mr. Genschow's estimate, the court could have found damages in the amount of $13,538.40.[6]

6. $(21,314 \times .8) \times .75 = 13,538.40.$

Mr. Cantu testified that he lived in part of the property which is the subject of this suit and that he was hired by appellant to manage the property during the summer of 1980 and continued to do so until June 1982. He testified that he was familiar with the condition of the property during this time, that the property was in good condition in 1980, that the property was rented to undesirables, and that the vast majority of the damage reflected by PX–3, 4 & 5 occurred between the date of the judgment in June of 1980 and appellant's surrender of the property in June of 1982. This evidence is sufficient to support the judgment of the trial court. Appellant's fourth point of error is overruled.

Appellant, by his first point of error, complains that the trial court erred in awarding attorney's fees to appellee because there is no evidence of a demand made upon appellant. Appellee asserts that attorney's fees are properly awarded under TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1985), which reads in pertinent part:

> Any person ... having a valid claim against a person or corporation for ... suits founded on oral or written contracts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

■ Under the circumstances of this case, the appellee is entitled to attorney's fees, if a proper demand was made. *Gerdes v. Mustang Exploration Co.,* 666 S.W.2d 640 (Tex.App.—Corpus Christi 1984, no writ). However, no particular form of presentment is required. *Jones v. Kelly,* 614 S.W.2d 95, 100 (Tex.1981).

■ Mr. Chandler testified that, while acting as appellee's agent, he notified appellant by telephone that taxes were due;

that when the property was being surrendered in June 1982, Mr. Chandler again asked appellant to pay the taxes then due; and that Mr. Chandler requested that appellant pay for the damage done to the property. Under *Jones v. Kelly*, this is sufficient presentment of demand under Article 2226.

Appellant's first point of error is overruled.

The judgment of the trial court is affirmed.