September 11, 2008

The Honorable Tony Goolsby
Chair, Committee on House Administration
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0662

Re: Application of Local Government Code section 143.014(c) to municipalities that have adopted Local Government Code chapter 174, the Fire and Police Employees Relations Act (RQ-0678-GA)

Dear Representative Goolsby:

You inquire about the interaction of Local Government Code chapter 143, the Fire Fighter and Police Officer Civil Service Act (the civil service act), with Local Government Code chapter 174, the Fire and Police Employees Relations Act (the FPERA).[1] *See* TEX. LOC. GOV'T CODE ANN. ch. 143 (Vernon 2008) (providing for civil service for fire fighters and police officers), *id.* ch. 174 (providing for collective bargaining for fire fighters and police officers).

You specifically raise section 143.014(c) of the Local Government Code, which is relevant to a municipality that is subject to both the civil service act and the FPERA. *See* Request Letter, *supra* note 1, at 1 (citing section 143.014 of the Government Code). Your questions relate to the City of Fort Worth ("the City" or "Fort Worth"), which adopted the statutory predecessor of the civil service act in 1947.[2] You inform us that Fort Worth adopted the FPERA for its fire department in an election held in November 2007, but the city council has not yet placed the FPERA in effect pursuant to section 174.052, which requires the governing body to place chapter 174 "in effect [in the municipality] not later than the 30th day after the beginning of the first fiscal year of the political subdivision after the election." TEX. LOC. GOV'T CODE ANN. § 174.052 (Vernon 2008); *see* Request Letter, *supra* note 1, at 2.[3] In connection with these facts, you ask two questions. Your first question is as follows:

---

[1] Letter from Honorable Tony Goolsby, Chair, Committee on House Administration, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Feb. 19, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2] *See* Brief from Gerald Pruitt, Fort Worth Deputy City Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Mar. 28, 2008) (on file with the Opinion Committee).

[3] Because your questions relate only to a fire department, we will refer only to fire department personnel in answering them.

> [D]oes the last sentence of section 143.014(c) nullify Assistant Fire Chief appointments made prior to the date of the adoption election unless the appointment procedure is adopted by the municipality through the collective bargaining process?

Request Letter, *supra* note 1, at 2. We note that section 143.014 does not mention nullifying appointments made under it. Instead, it addresses the appointment power that a city may grant the fire chief, and the impact the city's adoption of the FPERA has on this power.

Section 143.014 permits a civil service municipality to authorize the fire chief to appoint persons to the classification immediately below his own classification instead of filling these positions by examination. This section provides in part:

> (b) If approved by the governing body of the municipality by resolution or ordinance, the head of a fire or police department in the municipality in which at least four classifications[4] exist below the classification of department head may appoint each person occupying an authorized position in the classification immediately below that of department head, as prescribed by this section. The classification immediately below that of department head may include a person who has a different title but has the same pay grade.

> (c) . . . In a fire department in a municipality having fewer than 300 certified fire fighters, the department head may appoint not more than one person to the classification immediately below that of department head. If a municipality has 300 to 600 certified fire fighters, the department head may appoint two persons to the classification. If a municipality has more than 600 certified fire fighters, the department head may appoint three persons to the classification. *This subsection does not apply to a municipality that has adopted The Fire and Police Employee Relations Act (Article 5154c-1, Vernon's Texas Civil Statutes)[5] unless the municipality specifically adopts the appointment procedure prescribed by this subsection through the collective bargaining process.*

---

[4]The Fire Fighters' and Police Officers' Civil Service Commission provides for the classification of all fire fighters and police officers, and the municipal governing body "shall establish the classifications by ordinance." TEX. LOC. GOV'T CODE ANN. § 143.021(a) (Vernon 2008).

[5]Article 5154c-1 of the Revised Civil Statutes was repealed and recodified as chapter 174 of the Local Government Code in 1993. *See* Act of May 12, 1993, 73d Leg., R.S., ch. 269, §§ 4–5, 1993 Tex. Gen. Laws 987, 1263–74.

TEX. LOC. GOV'T CODE ANN. § 143.014(b)–(c) (Vernon 2008) (footnote and emphasis added). Legislative history indicates that the purpose of section 143.014 is to allow a fire chief to create a management team.[6]

While the usual civil service requirements for employment and promotion do not apply to persons appointed by the department head under these provisions, appointees must fulfill the requirements set out in section 143.014(e). *See id.* § 143.014(e) (among other requirements, appointees must meet requirements for appointment as head of a fire department). Pursuant to section 143.014, the Fort Worth City Council has authorized the fire chief to appoint up to three deputy fire chiefs. FORT WORTH, TEX. CODE § 13-24 (Municipal Code Corp. Supp. 69) (2008).

In construing statutes, the courts ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We read the words and phrases of statutes in context and construe them according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). The courts use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired. *See id.* § 311.011(b); *City of Rockwall,* 246 S.W.3d at 625. Otherwise, a statute's words are construed according to their plain and common meaning, unless a contrary intention is apparent. *See City of Rockwall*, 246 S.W.3d at 625.

The last sentence of section 143.014(c) provides that "*[t]his subsection* does not apply to a municipality that has adopted . . . [the FPERA] unless the municipality specifically adopts the appointment procedure prescribed by *this subsection* through the collective bargaining process." TEX. LOC. GOV'T CODE ANN. § 143.014(c) (Vernon 2008) (emphasis added). The Code Construction Act provides that "a reference to a subtitle, subchapter, subsection, . . . or other numbered or lettered unit without further identification is a reference to a unit of the next larger unit of the code in which the reference appears." TEX. GOV'T CODE ANN. § 311.006(2) (Vernon 2005); *see* XVII OXFORD ENGLISH DICTIONARY 56 (2d ed. 1989) (defining "subsection" as "[a] division of a section"). A subsection is a unit of a section, and "this subsection" refers to subsection (c) of section 143.014.

Thus, subsection (c) does not apply to a municipality that has adopted the FPERA unless the municipality specifically adopts the appointment procedure prescribed by subsection (c) through the collective bargaining process. *See* TEX. LOC. GOV'T CODE ANN. § 143.014(c) (Vernon 2008). In summary, the City's adoption of the FPERA does not change the subsection (b) authorization for the fire chief to appoint persons to the classification immediately below his own classification, but it removes the numerical limits established by subsection (c), unless the City adopts this procedure through the collective bargaining process.

---

[6]*See* Act relating to firemen's and policemen's civil service, *Hearings on Tex. C.S.H.B. 1015 Before the House Comm. on Urban Affairs*, 68th Leg., R.S. (Apr. 28, 1983) (statement of David Griffin, Texas Municipal League) (audio tape available from House Video/Audio Servs.) (also on file with the Opinion Committee).

A brief submitted to us argues that the last sentence in subsection 143.014(c) is "inherently contradictory," in that it refers to "the appointment procedure prescribed by this subsection."[7] It states that subsection (b) of section 143.014 establishes "the appointment procedure," referred to in subsection (c), and that the words "appointment procedure" are without effect, unless the word "subsection" in section 143.014(c) is read as "section." *See* Deats Brief, *supra* note 7, at 5–6.

The brief relies on *Bridgestone/Firestone, Inc. v. Glyn-Jones* for the rule "that courts are not bound by the literal meaning of words in the construction of statutes, but when the intent and purpose of the Legislature is manifest from a consideration of a statute as a whole, words will be restricted or enlarged in order to give the statute the meaning which was intended by the lawmakers." *Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 134 (Tex. 1994); *see State v. Terrell*, 588 S.W.2d 784, 786 (Tex. 1979) (if the Legislature's intent is determined from examining the entire statute, the courts must enforce that intent even though it is not consistent with the strict letter of the statute). The *Bridgestone/Firestone* court addressed former article 6701d, section 107C(j),[8] which provided that the "[u]se or nonuse of a safety belt is not admissible evidence in a civil trial." *Bridgestone/Firestone, Inc.*, 878 S.W.2d at 133–34. Reading this provision in the context of the entire statute, the court determined that the Legislature did not intend the seat belt statute to apply in a suit against a seat belt manufacturer for a defective seat belt system. *See Bridgestone/Firestone, Inc.*, 878 S.W.2d at 133–34. *But see St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997) (discussing *Bridgestone/Firestone*; stating that courts must find the Legislature's intent in the statute's language).

We do not agree that the phrase "the appointment procedure prescribed by this subsection" is meaningless when it is read in context. Various subsections of section 143.014 describe aspects of the appointment procedure. Subsection (b) provides for the fire chief's appointment of his immediate subordinates, and subsection (c) places a limit on the number of persons the fire chief may appoint. Subsection (e) sets out the qualifications of persons appointed by the head of the fire department[9] and subsection (f) requires the department head to make each appointment "under this section" 90 days after a vacancy occurs in the position. TEX. LOC. GOV'T CODE ANN. § 143.014(f) (Vernon 2008). Section 143.014 recognizes that the appointment procedure is not confined to one subsection, stating that a fire chief "may appoint each person occupying an authorized position in

---

[7]Brief from B. Craig Deats, General Counsel, Deats, Durst, Owen & Levy, P.L.L.C., on behalf of the Texas State Association of Fire Fighters, to Honorable Greg Abbott, Attorney General of Texas, at 5 (Apr. 7, 2008) (on file with the Opinion Committee) [hereinafter Deats Brief].

[8]*See* Act of May 16, 1985, 69th Leg., R.S., ch. 804, § 1, 1985 Tex. Gen. Laws 2846, 2847 (amending article 6701d of the Revised Civil Statutes by adding section 107C); Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1643–44, 1871 (repealing article 6701d, and recodifying it as section 545.413(g) of the Transportation Code); Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 8, 2003 Tex. Gen. Laws 847, 863 (repealing section 545.413(g) of the Transportation Code).

[9]Subsection 143.014(d) sets out the qualifications of persons appointed by the head of the police department.

the classification immediately below that of department head, *as prescribed by this section.*" *Id.* § 143.014(b) (emphasis added). The appointment procedure as a whole is found in section 143.014, and various subsections of section 143.014 set out components of the appointment procedure.

Legislative history of the bill that adopted the predecessor[10] of section 143.014 supports our conclusion that the last sentence of subsection 143.014(c) removes only the limit on the number of persons the fire chief may appoint. *See* HOUSE STUDY GROUP, BILL ANALYSIS, Tex. C.S.H.B. 1015, 68th Leg., R.S. (1983). The bill analysis states that

> [c]ities with a minimum of four classifications below the police or fire chief could allow a chief to appoint immediate subordinates. . . .
>
> Fire chiefs *in cities not under the Fire and Police Employee Relations Act* and with fewer than 300 firefighters could appoint only one person . . . .

*Id.* at 1–2 (emphasis added). The emphasized language shows that adoption of the FPERA would change the number of persons the fire chief could appoint, not that it would take away the City's authority to allow a fire chief to appoint a management team.

Our construction of subsection 143.014(c) is consistent with other legislation on this subject, in particular with section 143.311, a provision of chapter 143, subchapter I. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.301–.313 (Vernon 2008). Chapter 143, subchapter I, which applies to certain municipalities with a population of 460,000 or more that have not adopted the FPERA, authorizes these municipalities to negotiate agreements with police officer and fire fighter associations. *See id.* §§ 143.301–.304. Section 143.311 states that "[s]ection 143.014(c) does not apply to a municipality to which this subchapter applies." *Id.* § 143.311. As the bill analysis stated, the bill would "allow police and firefighter department heads to make more than two assistant appointments." HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. S.B. 863, 74th Leg., R.S. (1995). Section 143.311 implements the same legislative policy found in the last sentence of subsection 143.014(c).

In answer to your first question, we advise you that a city's adoption of the FPERA removes the limits on the number of persons the city may authorize a fire chief to appoint "unless the municipality specifically adopts the appointment procedure prescribed by this subsection through the collective bargaining process." TEX. LOC. GOV'T CODE ANN. § 143.014(c) (Vernon 2008). A city's adoption of the FPERA does not change the fire chief's authority to make such appointments. Thus, we need not consider whether the adoption of the FPERA might "nullify Assistant Fire Chief appointments made prior to the date of the adoption" Request Letter, *supra* note 1, at 2.

Your second question is as follows:

---

[10]The predecessor of Local Government Code section 143.014 was adopted by House Bill 1015 of the 68th regular legislative session. *See* Act of May 30, 1983, 68th Leg., R.S., ch. 420, § 3, 1983 Tex. Gen. Laws 2246, 2249–53.

[at] what point does Fort Worth's ability to continue appointing Assistant Fire Chiefs under [section] 143.014 cease (absent adoption of a collectively bargained procedure)?

*Id.* This question is based on a premise contrary to our answer to your first question, in that it assumes that Fort Worth's adoption of the FPERA would remove a fire chief's subsection 143.014(b) authority to appoint assistants. But you rephrase this question more generally as follows: "Is the FPERA considered 'adopted' at the time the successful adoption election is certified by the City Council, or on the later date when the City Council places the FPERA in effect." *Id.* Your rephrased question refers to the statement in subsection 143.014(c) that "[t]his subsection does not apply to a municipality that has *adopted* the Fire and Police Employee Relations Act." TEX. LOC. GOV'T CODE ANN. § 143.014(c) (Vernon 2008) (emphasis added). Thus, we address the meaning of "adopted" in section 143.014(c).

Your question about the meaning of "adopted" does not require us to decide when the FPERA becomes effective in Fort Worth for all purposes.[11] We are construing language in Local Government Code chapter 143, the civil service act, and we examine Local Government Code chapter 174, the FPERA, only for the provision triggering the inapplicability of subsection 143.014(c), that is, the FPERA provision stating when the FPERA is "adopted." You mention the FPERA provisions on the adoption election and on the city council's placing the FPERA in effect. Request Letter, *supra* note 1, at 2. These are respectively sections 174.051 and 174.052. Section 174.051 provides in part:

(a)  The governing body of a political subdivision to which this chapter applies shall order *an election for the adoption of this chapter* on receiving a petition signed by qualified voters of the political subdivision [in certain numbers]

(b)  [election date].

(c)  The ballot in the election shall be printed to provide for voting for or against the proposition: "*Adoption* of the state law applicable to (fire fighters, police officers, or both, as applicable) that establishes collective bargaining if a majority of the affected employees favor representation by an employees association, preserves the prohibition against strikes and lockouts, and provides penalties for strikes and lockouts."

TEX. LOC. GOV'T CODE ANN. § 174.051 (Vernon 2008) (emphasis added).

---

[11]Thus, we do not address *City of Kingsville v. International Ass'n of Firefighters, Local Union No. 2390,* 568 S.W.2d 397, 400 (Tex. Civ. App.—Corpus Christi 1978, no writ), which considered whether the FPERA collective bargaining provisions had been in effect for at least one year.

Section 174.052 provides as follows:

> If a majority of the votes cast in an election under Section 174.051 *favor adoption* of this chapter, *the governing body shall place this chapter in effect* not later than the 30th day after the beginning of the first fiscal year of the political subdivision after the election.

*Id.* § 174.052 (emphasis added). You state that Fort Worth's first fiscal year after the November 2007 election begins October 1, 2008, that the Fort Worth City Council has not yet placed chapter 174 in effect, and that it is not required to do so before October 30, 2008. *See* Request Letter, *supra* note 1, at 2.

We construe sections 174.051 and 174.052 by reading their words and phrases in context and according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Both provisions refer to the adoption of the FPERA by an election. Section 174.052 establishes the time when the governing body "shall place this chapter [174] in effect." *See* TEX. LOC. GOV'T CODE ANN. § 174.052 (Vernon 2008); *see id.* § 174.051. Subsection 143.014(c) refers to "a municipality that has adopted the Fire and Police Employee Relations Act," not to one that has placed the FPERA in effect. *Id.* § 143.014(c). The numerical limits established by subsection 143.014(c) become inapplicable in the municipality when the FPERA is adopted by election.[12]

---

[12]The limits in subsection 143.014(c) may be reimposed if the municipality specifically adopts them through the collective bargaining process. *See* TEX. LOC. GOV'T CODE ANN. § 143.014(c) (Vernon 2008).

## S U M M A R Y

Section 143.014 of the Local Government Code, a provision of the Fire Fighter and Police Officer Civil Service Act, authorizes a municipal governing body to allow a fire chief to appoint a limited number of persons to the classification immediately below him without following the usual civil service appointment process. When a municipality that is subject to the civil service act adopts Local Government Code chapter 174, the Fire and Police Employees Relations Act, subsection 143.014(c), limiting the number of deputies who may be appointed, becomes inapplicable to the municipality. These limits may be reimposed if the municipality specifically adopts them through the collective bargaining process.

For purposes of subsection 143.014(c), the Fire and Police Employees Relations Act is adopted by an election held pursuant to section 174.051 of the Local Government Code. The limits in subsection 143.014(c) on the number of deputies who may be appointed become inapplicable in the municipality at this time.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee